Commonwealth ex rel. Bosher *v.* Malin, Appellant.

Argued October 4, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Colbert C. McClain,* for appellant.

*Walter Stein,* for appellee.

OPINION BY GUNTHER, J., January 14, 1955:

This is an appeal from an order of the Municipal Court of Philadelphia. Appellant in his petition to the lower court prayed that an order for support of a child, Barbara, be vacated; that the arrears be remitted and that the pending attachment be dismissed. The petitioner sought to raise the question of the paternity of the child, born August 17, 1944. He al-

leged in his petition that he was never lawfully married to the mother. The court below dismissed the petition on the ground that the question was res judicata.

Did the court below err in dismissing appellant's petition and in refusing to hear testimony to the effect that he, the appellant, was not the father of the child? When the petition to vacate the order was presented, the court had before it the following facts: (a) The order unappealed had been in effect and complied with for eight years. (b) The question of paternity and the validity of the marriage was never raised. (c) The appellant, in his petition for custody of the child, swore under oath as late as two months before the instant petition that he was the father. (d) The parties had been in court on many occasions in respect to both support and custody of several children, and in none of these proceedings did appellant deny the legality of his marriage. Now for the first time, in this petition to revoke the support order, he denies a valid marriage and paternity of the child. May a father under the above stated facts have a final order for support of a minor child vacated?

It has been clearly held by this Court that a final order in a nonsupport action, unappealed, determines and adjudicates that (a) the parties were married; (b) the child in question was the child of the appellant; (c) the necessity of support at the time of the order. *Com. ex rel. v. May,* 77 Pa. Superior Ct. 40; *Com. ex rel. v. Iacovella,* 121 Pa. Superior 139, 182 A. 728. The original support order is res judicata as to all defenses which might have been raised at that time. *Com. ex rel. Jamison v. Jamison,* 149 Pa. Superior Ct. 504, 27 A. 2d 535. As we said in *Borjes v. Wich,* 171 Pa. Superior Ct. 505, 90 A. 2d 288, regarding the doctrine of res judicata, "The prior judgment, unappealed from, is, as between the parties, final and

conclusive with regard to every fact which might properly be considered in reaching a judicial determination and with regard to all points of law relating directly to the cause of action in litigation." In addition, it would be anomalous indeed to permit appellant to give testimony that he is not the father of the child while confronted with his prior affidavit in the custody matter averring that he was the father.

Order affirmed.