## Commonwealth ex rel. Crozer *v.* Crozer, Appellant.

Argued October 3, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Michael A. Foley,* for appellant.

*Edward S. Morris,* for appellee.

OPINION BY GUNTHER, J., January 17, 1956:

This is an appeal from the order of the Municipal Court of Philadelphia by which a father was ordered to pay $15 a week for the support of a one year old child. The parents are separated, and a divorce action is pending. The mother is confined to the Pennsylvania Hospital. The father is a real estate salesman and he resides in a jointly owned home with his three other children, whom he supports. He is also paying $50 a week alimony pendente lite to the mother's guardian. The child in question is in the custody of a friend of the mother.

The sole question on this appeal is the reasonableness of the support order. The father's gross annual earnings from the real estate business averaged about $4500 in 1950-1952, were $6350 in 1953, and were $3500 in 1954. He, with his three other children, lives in a house which is worth approximately $35,000, and which is jointly owned by the mother. He owns securities from which he has received an annual income of about $1100. In addition he received $300 per month from his mother until shortly before this action was instituted. At the hearing he testified that his mother was still paying him some $200 or $250 per month. The mother of this child has her own estate which is subject to an order for the support of this child as well as subject to large payments for the maintenance of the mother in the Pennsylvania Hospital.

An order of support is ordinarily based on the father's property, income and earning ability, and the amount he must pay is largely in the discretion of the trial court, whose judgment will not be disturbed in

the absence of a clear abuse of discretion. *Com. ex rel. Schofield v. Schofield,* 173 Pa. Superior Ct. 631, 98 A. 2d 437. We find no abuse of discretion in the entry of this order, which is clearly related to the respondent's income and property. If his business income at present fails to exceed that of 1954 he still will receive about $4500, including income from securities. It is also obvious that he will continue to receive monthly sums from his mother, and, although an order cannot be based on that factor, it may be taken into consideration in ascertaining his living expenses in respect to his own personal income. It is true that he is subject to a large order for alimony pendente lite, but that is temporary, and it is clear that he is nevertheless capable of maintaining himself, three children and the housekeeper he is obliged to employ. The testimony reveals that the real motive for respondent's resistance to this order is probably his belief that the child in question is not his own. However, he introduced no proof of lack of paternity, and since the child is presumed to be his, we must determine the issue solely on the rules applicable to ordinary parent and child support cases. Under all the circumstances, we believe that $15 a week bears a reasonable relation to respondent's income, property and earning ability.

Order affirmed.