## Crozer Adoption Case.

494

Argued April 27, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN and EAGEN, JJ.

*Mary Alice Duffy*, with her *Edward S. Lawhorne*, for petitioners, appellants.

*Marvin H. Levin*, for guardian of estate of mother of child, appellee.

*Sara Duffy*, for Bonney Clough Crozer, mother of child.

OPINION BY MR. CHIEF JUSTICE JONES, May 23, 1960:

The order of the court below dismissing the petition of Freeman Glackens and Mary Glackens, his wife, seeking adoption of Suzette Lorraine Crozer (a six year old child whose custody and up-bringing have been ex-

clusively entrusted to the petitioners since the child was two and a half months old), will be reversed and the record remanded with directions that a full and unrestricted rehearing on said petition be had, with notice to the child's natural mother, acting by a guardian ad litem, to be appointed below, who shall be represented by independent counsel; that it be recognized at the rehearing that there is no legal necessity for any consent to an adoption of the child on the part of the father whose persistent disclaimer of the child's paternity and his repeatedly declared unwillingness to have her care and training are established by the sworn averments of his own petition and other admissions of record; that the father's petition, as relator, for a writ of habeas corpus for the custody of the child, which is pending in the Court of Common Pleas of Delaware County, be formally transferred to the court below for disposition there in connection with the petition for adoption, pursuant to subsection (8) of Section 301 of the Act of August 10, 1951, P. L. 1163, as amended (20 PS §2080.301, Pkt. Part); and that it be further recognized at the rehearing, as a matter of law, that the father, because of his declared unwillingness to have the care, training and rearing of the child in his own home or under his personal supervision and direction elsewhere, is without standing to maintain his habeas corpus proceeding for the child's custody which he seeks solely for the purpose of placing the child for adoption when he, himself, is presently subject to a court order, entered in an adversary proceeding, for her support. See *Commonwealth ex rel. Crozer v. Crozer,* 180 Pa. Superior Ct. 381, 119 A. 2d 603.

Accordingly, the order appealed from is reversed and the record remanded for further proceedings not inconsistent with this opinion.