Commonwealth ex rel. Edelman, Appellant, *v.* Edelman, Appellant.

Argued September 12, 1960. Before GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (RHODES, P. J., absent).

*Sidney M. DeAngelis*, with him *DeAngelis & Kaufman*, for relatrix.

*Milton Jacobson*, for defendant.

OPINION BY MONTGOMERY, J., November 16, 1960:

Each of the parties has appealed from the order in a nonsupport proceeding brought by the relator-wife for the benefit of herself and two minor children, ages one year and five years, which directed defendant to pay $45.00 per week for the support of his wife and $25.00 per week for each child. The order is dated March 30, 1960, but was made retroactive as of January 1, 1960.

The defendant is an executive of a life insurance company. His annual salary under a contract is $15,000.00. He received a bonus the year prior to the hearing, which gave him a gross income in that year of $20,600.00. He may or may not receive bonuses in future years.

The defendant's wife is employed, with an annual income of $3,200.00, which, together with the order

producing total income payments of $4,940.00, will give her the gross sum of $8,140.00 annually for support of herself and her minor children.

It has been established by this Court that the amount of an order for support must be fair and not confiscatory since its purpose is the welfare of the wife and children and not a punishment of the husband and father. Such order should be justified by the earning ability of the defendant, making reasonable allowance for his own living expense. *Commonwealth ex rel. Bush v. Bush,* 170 Pa. Superior Ct. 382, 86 A. 2d 62; *Commonwealth ex rel. Jacobson v. Jacobson,* 188 Pa. Superior Ct. 433, 146 A. 2d 91. The amount a husband must pay is largely within the discretion of the trial judge, whose judgment will not be disturbed in the absence of a clear abuse of discretion. *Commonwealth ex rel. Schofield v. Schofield,* 173 Pa. Superior Ct. 631, 98 A. 2d 437; *Commonwealth ex rel. Crozer v. Crozer,* 180 Pa. Superior Ct. 381, 119 A. 2d 603. In determining the amount of the order, the court is not restricted to the husband's actual earnings but may consider his earning power and also the extent of and income from his property. *Commonwealth ex rel. Crozer v. Crozer,* supra.

The lower court found that the defendant was forced by the exigencies of his business to maintain what is commonly called a "prosperous front". The various necessary expenses of the defendant were itemized and amount to approximately $750.00 per month. The order of $95.00 per week consumes substantially all of the defendant's monthly income over and above these expenses. The evidence, except for the pretentious and uncorroborated statements of the defendant that his abilities merited twice the amount of his present salary, fails to demonstrate any capacity on his part for greater earnings than he receives. The

only property of the defendant is stock in his employer's company, which has been pledged to cover a debt arising from a real estate transaction which occurred prior to the separation of the parties.

We are of the opinion that the learned judge below did not abuse his discretion by his award of $95.00 per week, which is clearly related to the defendant's income and his ability to pay under the circumstances established by the evidence.

The defendant's appeal is based on his contention that he has grounds for divorce, and therefore he is not obligated to support his wife. He has commenced an action for divorce a.v.m., which is being contested and has not yet been adjudicated. An indefinite amount of marital difficulty is apparent from the record, but the creditable testimony in the present record is inconclusive as to the defendant's rights to a divorce. Therefore, it was not error to include the wife in the support order. If he is successful, the award to the wife can be terminated immediately. He has made no objection to the award for the children.

However, the court below erred in its direction that the amount of the order be computed from January 1, 1960. Although there are certain specific instances when an order may be made to operate retroactively, *Commonwealth v. Shavinsky*, 180 Pa. Superior Ct. 522, 119 A. 2d 819, this case is not governed by them. In a nonsupport proceeding brought under the Act of June 24, 1939, P. L. 872, section 733, 18 P.S. 4733, as amended, the award must be prospective only. *Commonwealth ex rel. Price v. Campbell*, 180 Pa. Superior Ct. 518, 119 A. 2d 816; *Commonwealth ex rel. Yeats v. Yeats*, 168 Pa. Superior Ct. 550, 79 A. 2d 793; *Commonwealth ex rel. Voltz v. Voltz*, 168 Pa. Superior Ct. 51, 76 A. 2d 464. The order should be made effective as of March 30, 1960, and must, therefore, be modified accordingly.

As modified, the order is affirmed.