Commonwealth ex rel. Iezzi *v.* Iezzi, Appellant.

Argued March 18, 1963.   Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Romolo J. DiCintio*, with him *Edward W. Furia*, for appellant.

*Jay H. Tolson*, with him *Solomon, Tolson & Resnick*, for appellee.

OPINION BY WRIGHT, J., April 18, 1963:

This is an appeal by Fernando Iezzi from an order of the County Court of Philadelphia, entered December 5, 1962, requiring him to pay the sum of $70.00 per week for the support of his wife, Emily Iezzi, and their three minor children.

The parties were united in marriage on February 19, 1944. They resided together in a home jointly owned at 2646 South 70th Street in the City of Philadelphia. The wife and children still live in that home. The husband is an employe of the General Electric Company, and his admitted gross income is $9,500.00 per year. Prior to August 1960, the wife handled the family finances. An estrangement occurred at that time and the husband admittedly gave his wife no cash money thereafter. On January 8, 1962, the husband ceased sleeping in the home, and returned to it only during the day primarily to deliver such food and clothing as he deemed necessary.

The wife commenced the present proceeding by petition filed July 13, 1962. Following a hearing on October 16, 1962, the court below entered an order of $50.00 per week for the support of the wife and three children. Because of the husband's contention that he had not been accorded a full hearing, the court below, on October 22, 1962, suspended this order and relisted the case. After a further hearing on November 2, 1962, the order was entered (December 5, 1962) from which the present appeal has been taken. This order also directed the husband to pay the taxes on the home. As pointed out in *Commonwealth ex rel. Gutzeit v. Gut-*

*zeit*, 200 Pa. Superior Ct. 401, 189 A. 2d 324, such a requirement may properly be included in a support order.

Section 733 of The Penal Code[1] provides for the entry of a support order in the event that a husband or father "separates himself from his wife or from his children, or from wife and children, without reasonable cause, or neglects to maintain his wife or children". Appellant's first contention is that he did not separate himself from or neglect to maintain his family. In this connection the court below found as follows: "We have no hesitation in finding as a fact that the husband has separated himself from his wife and children". In support cases the court below is the arbiter of the facts: *Commonwealth ex rel. Stanley v. Stanley*, 198 Pa. Superior Ct. 15, 179 A. 2d 667. Not only is the finding of the court below supported by the evidence, but also it is difficult to perceive how a different finding could have been made on this record. Appellant admittedly did not sleep or eat in the home. He visited it primarily for the purpose of delivering groceries. In answer to the question, "Are you out of the house now, living outside?", appellant replied, "Yes, sir".

The only legal cause justifying the refusal of an order of support is conduct on the part of the wife which would constitute valid grounds for a divorce: *Commonwealth v. Deose*, 194 Pa. Superior Ct. 466, 168 A. 2d 791; *Commonwealth ex rel. McCuff v. McCuff*, 196 Pa. Superior Ct. 320, 175 A. 2d 124. Appellant attempted to discharge his obligation of support by furnishing such groceries as he selected, by buying certain items of clothing for the children and paying their medical bills, and by taking care of maintenance and utility charges. For a period of over two years, he

---

[1] Act of June 24, 1939, P. L. 872, Section 733, 18 P.S. 4733.

refused to give his wife any cash money. He relies for justification of his conduct on the case of *Commonwealth v. George,* 358 Pa. 118, 56 A. 2d 228, which is readily distinguishable. In that case the husband had not left the home, and was providing complete (not partial) maintenance. Our Supreme Court said: "The arm of the court is not empowered to reach into the home and to determine the manner in which the earnings of a husband shall be expended where he has neither deserted his wife without cause nor neglected to support her and their children". Similarly, in the recent case of *Commonwealth ex rel. Hamilton v. Hamilton,* 199 Pa. Superior Ct. 255, 184 A. 2d 361, we held that a support order had been improperly entered. As a general rule, however, support orders contemplate the payment of a sum of money to be budgeted by the wife according to the best of her ability. In the case at bar, as aptly stated in the opinion below, appellant "forfeited his position as head of the household and his right to determine the amount to be allocated for food and the type of food to be provided. He does not have the right to select the food and to drop it off in a high-handed manner on the porch or in the kitchen of the house occupied by his wife and children".

Appellant's second contention is that the amount of the order "is grossly excessive in view of this man's income and constitutes an abuse of discretion". The law is well-settled that the amount a husband must pay is largely within the discretion of the hearing judge, whose judgment will not be disturbed in the absence of a clear abuse of discretion: *Commonwealth ex rel. Edelman v. Edelman,* 193 Pa. Superior Ct. 570, 165 A. 2d 92. And see *Commonwealth ex rel. O'Hey v. McCurdy,* 199 Pa. Superior Ct. 115, 184 A. 2d 291. Appellant's assertion that there are presently two orders existing against him may be summarily rejected. It clearly appears that the only order now in effect is that of December 5, 1962.

Appellant argues that his take-home pay is only $139.41 per week, and that an order of $70.00 per week plus taxes is more than one-half of that amount. It should be noted that, since the home is owned jointly, payment of the taxes inures to the benefit of appellant as well as his wife. Where a wife alone is concerned, an order of support may not exceed one-third of the husband's income. That rule is not applicable, however, where the support of children is involved: *Commonwealth ex rel. Binney v. Binney*, 146 Pa. Superior Ct. 374, 22 A. 2d 598. The case at bar involves the support of both wife and children. We know of no requirement, under such circumstances, that the order may not exceed fifty percent of the husband's income. Appellant relies on *Commonwealth ex rel. Warner v. Warner*, 194 Pa. Superior Ct. 496, 168 A. 2d 755, wherein we held that an order exceeding one-half of appellant's proven earnings imposed an unreasonable burden. In that case, however, the order was for the support of children only.

In brief, prior to the order of October 16, 1962, appellant partially provided for the necessities of his family. He thereafter furnished no substantial assistance and even had the charges for utilities "changed over". He frankly admitted to his wife that the order of $50.00 per week was inadequate in amount. Under the circumstances disclosed by this record, we are all of the opinion that the order of $70.00 per week was a fair and reasonable one, and that there was no abuse of discretion on the part of the court below.

We find no merit in appellant's third contention that he "was deprived of his constitutional and statutory right to be heard in this case and of the right to cross-examine". Although appellant's counsel was interrupted rather summarily during his cross-examination of the wife at the hearing of October 16, 1962, the proceeding was completely re-opened at the hearing of

November 2, 1962. The record discloses the following colloquy: "The Court: Mr. DiCintio, I think that you objected that you did not have an opportunity to develop your case at the last hearing. Mr. DiCintio: Yes sir. The Court: Well suppose you go ahead now and take it from there. Mr. DiCintio: I will. Thank you sir". Appellant thereafter testified at length and without restriction. His counsel did not offer to cross-examine the wife further, although he had ample opportunity to do so.

Before concluding, we should mention two other matters. (1) Appellant testified that, at about the time he "stopped giving her any cash", the wife converted certain jointly held bonds and transferred a jointly held bank account to her individual name. He argues that "the court below further abused its discretion in refusing to give any consideration whatsoever to this fact". The wife's position is that these assets belonged to her, and that she was forced to use a portion of her separate funds to supplement the food and clothing which appellant supplied. We agree with the court below that this controversy should not be determined in the instant proceeding. (2) From May 11, 1954, until July 3, 1954, and again from August 31, 1956 until October 11, 1956, the wife had been hospitalized for psychiatric treatment. Counsel agreed that she should be examined by the court psychiatrist. Under date of November 20, 1962, Dr. Daniel B. Gesensway made the following report: "This woman has a chronic schizophrenic illness, currently in remission . . . I see no reason to deny this woman money for support. She is apparently able to take care of her home and three children".

Order affirmed.