Opinion by
Weight, J.,
This is an appeal by Moses Sosigian from an order of the Court of Quarter Sessions of Westmoreland County which reduced an existing order for the support of appellant’s wife, Nivart Sosigian, to the sum of $50.00 per month, and directed payment of certain arrearages. There are no children involved. The factual and procedural situation may be summarized as follows :
The parties were married on May 17, 1959. Appellant’s parents had brought Nivart to the United States from Turkey for that purpose. They lived together in the parents’ home until August 15, 1960, when Nivart was compelled to leave in haste because of threats upon her life. On September 29, 1961, after hearing, the court below entered an order in the amount of $75.00 per month for Nivart’s support. On February 15, 1962, following the issuance of a bench warrant, appellant was directed to, and did, pay arrearages of $375.00. On August 7, 1962, appellant filed a petition to reduce the support order to $40.00 per month. After a hearing on September 28, 1962, this petition was denied and dismissed.
The instant proceeding had its inception on February 11, 1963, with the filing by appellant of a second petition alleging that “Nivart Sosigian is not entitled to funds for support from him”. Testimony was taken before President Judge O’Connell on March 5, 1963, and the order presently under consideration was entered on June 11, 1963. By its terms the amount of support was reduced from $75.00 to $50.00 per month, and appellant was directed to pay arrearages in the sum of $437.50. This appeal followed.
*190 Appellant’s first and second questions may be considered together as they raise basically a single issue, namely, the sufficiency of the evidence to support the order. It is contended that there was no evidence adduced “from which the lower court could reasonably ascertain that the defendant has any income whatsoever”, and that an order for support of a wife only may not exceed one-third of the husband’s income. Counsel for appellant emphasizes the following statement by the hearing judge when the order was entered: “The defendant in this case is working for his parents on a farm and it is difficult to determine what his earnings are”. Two support cases are cited in which, on appeal, the record was remanded for further testimony. See Commonwealth v. Gleason, 166 Pa. Superior Ct. 506, 72 A. 2d 595, and Commonwealth ex rel. Martocello v. Martocello, 148 Pa. Superior Ct. 40, 24 A. 2d 712. In neither of these cases was it indicated that the entry of a support order was improper. Indeed, it was expressly pointed out in the Gleason case that “the court may consider the earning power of the husband and is not restricted to the amount of his actual earnings”. This is especially true where there is a question as to the husband’s good faith: Commonwealth ex rel. Spielvogel v. Spielvogel, 181 Pa. Superior Ct. 61, 121 A. 2d 886; Commonwealth ex rel. Kreiner v. Scheidt, 183 Pa. Superior Ct. 277, 131 A. 2d 147. The hearing judge is not bound by the husband’s testimony that he has no property and cannot secure employment, but may make his own deductions from the evidence and the circumstances. Commonwealth ex rel. Hoffman v. Hoffman, 184 Pa. Superior Ct. 500, 135 A. 2d 822.
The facts as found by the hearing judge are set forth in the footnote.[1] Our review of the record dis *191 closes that the material findings are fully supported by the testimony. Appellant is a young man, twenty-eight years of age at the time of hearing. There is no ■contention that he is not in good health. He had been employed by the Scaife Company at a wage of $75.00 per week. Following a lay-off, he drew unemployment compensation until his benefits were exhausted. Indications of appellant’s purpose to avoid his obligation of support are the transfer of his bank account, cf. Commonwealth ex rel. Horner v. Horner, 168 Pa. Superior Ct. 411, 77 A. 2d 641, the attempts to either deport or divorce his wife, and his unsubstantiated charge of adultery. While it has been repeatedly stated that the amount awarded may not exceed one-third of the husband’s income, Commonwealth ex rel. Milne v. Milne, 150 Pa. Superior Ct. 606, 29 A. 2d 228, the word “income” in this context means bona fide earning power.
*192 Appellant’s final contention is that the court below improperly relied upon “extrinsic reports”. It should be noted that an assistant probation officer was actually called as a witness and testified, inter alia, as follows : “We have had difficulty with this man ever since the inception of the original order”. Following the hearing, a further investigation was directed and a report thereof received. However, the controlling facts were independently established by the testimony. The additional information disclosed concerning the interference by appellant’s family did not relate to the basic issue in the case. We fail to perceive any prejudice to the appellant.
In summary, we are all of the opinion that the hearing judge was warranted in concluding that appellant had sufficient earning capacity to justify the order which was entered. The judgment of the hearing judge in such matters will not be disturbed in the absence of a clear abuse of discretion, Commonwealth ex rel. Iezzi v. Iezzi, 200 Pa. Superior Ct. 584, 190 A. 2d 334, and we find no abuse of discretion in the instant case.
Order affirmed.

 “(a) The defendant, two (2) months after the marriage, transferred Nineteen Hundred ($1900) Dollars from his bank ac *191 count to his sister, (b) The defendant constructed a house on property owned by his father, but never lived in it. (c) The defendant established a temporary residence in Verona for the purpose of obtaining a divorce in Allegheny County, Pennsylvania, (d) The defendant made charges of adultery against his wife which were not substantiated, (e) The defendant was very evasive in his answers and it became evident to the Court that he was determined to avoid his obligation to support his wife whom he brought over from Turkey, (f) The defendant had made repeated efforts to have his wife deported and sent back to Turkey, (g) The Court caused an investigation to be made and determine whether or not the defendant was working. The investigation disclosed that most of the trouble between the defendant and his wife was stemmed from interference from the defendant’s family, particularly two (2) sisters of the defendant, (h) The investigation disclosed that a sister of the defendant called at the unemployment office to request that no information be given to the authorities concerning the amount of money received by her brother during his period of unemployment, (i) The Court is of the opinion that the defendant is gainfully employed on a small farm of his father and mother, and is well able to pay this support order”.