Commonwealth ex rel. Dachis, Appellant, *v.* Dachis.

Argued March 19, 1964. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Maxwell H. Cohen,* for appellant.

*Philip H. Williams,* for appellee.

OPINION BY MONTGOMERY, J., April 14, 1964:

The appellant-wife has appealed from an order dated August 2, 1963, awarding her $5 per week for support, which the lower court admitted is a nominal amount "until such time as evidence is produced satisfactory to the Court showing the sources from which a more substantial Order can be predicated." Previous to this order appellant had received the sum of $40 per week under a temporary order "pendente lite" which had been paid promptly.

On November 5, 1962, appellee was dispossessed of his mink ranch at Mount Pocono, Pennsylvania, by a creditor. On November 29, 1962, he petitioned the United States District Court to allow the mink ranch to proceed in Federal Court under Chapter XI of the Bankruptcy Act. This petition was granted and a trustee appointed to take custody of and control over the ranch. Ownership of the ranch was in the name of Mountain Peak Mink Corporation, of which appellee-husband was president and principal stockholder. The trustee was still in custody and control at the time of the hearing on the petition for support; and, in addition, appellee, individually and as president of the corporation, was involved in litigation in both the state and federal courts in matters involving the ranch and its creditors.

Appellee contends that until the reorganization of his ranch is complete he has no source of income. Appellant contends that, nevertheless, her husband has

other assets in the form of $70,000 in securities, Cadillac sedans and $28,000 in mortgages, but through her husband's "sleight of hand tricks" he keeps them in the shadows so that "now you see it, now you don't see it."

Unfortunately for appellant, she was unable to convince the court below that they were visible. Since the court, as the finder of facts, has found such contention to be mere suspicion and not supported by believable evidence, we are helpless to aid her. *Commonwealth ex rel. Iezzi v. Iezzi*, 200 Pa. Superior Ct. 584, 190 A. 2d 334 (1963). In these cases, the amount a husband must pay is largely within the discretion of the hearing judge and will not be disturbed in the absence of a clear abuse of discretion. *Commonwealth ex rel. Edelman v. Edelman*, 193 Pa. Superior Ct. 570, 165 A. 2d 92 (1960).

We have no power or inclination to alter this order on the basis of the evidence submitted; and it is unnecessary for us to remand the case for a rehearing since the lower court has already indicated that it will grant one as soon as appellant has more definite evidence as to appellee's assets, or when he has re-established a source of income. In the light of the temporary nature of the order it cannot have the effect of res judicata as to matters relating to appellee's income or appellant's needs.

Order affirmed.

WOODSIDE and WATKINS, JJ., would increase the order.