Commonwealth ex rel. Fishman *v.* Fishman, Appellant.

Argued September 9, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Nathan L. Posner,* with him *William L. O'Hey, Jr., Edward Gerald Donnelly, Jr.,* and *Fox, Rothschild, O'Brien & Frankel,* and *Henderson, Wetherill & O'Hey,* for appellant.

*Sidney M. DeAngelis,* with him *Louis Lipschitz,* and *Bean, DeAngelis, Tredinnick & Giangiulio,* for appellee.

OPINION BY HOFFMAN, J., November 14, 1968:

This is an appeal from a support order of the lower court. The parties were married in October, 1928 and lived together until their separation in May, 1964. They have regularly filed joint federal income tax returns.

At trial, for the purpose of deciding the support to which the wife is entitled for 1967, the husband projected his income, deductions and taxes for that year as follows:

| | | |
|---|---|---|
| Salary | $35,000 | |
| Dividends | 11,000 | |
| Interest | 1,000 | $47,000 |
| | | |
| Deductions for tax purposes | $ 5,000 | |
| Income tax, taxpayer filing separately | | 18,000 |
| | | |
| Net after taxes | | $29,000 |

Therefore, he maintained that any support award must be limited to $9,667.00, one-third of his net after tax income of $29,000.

The court below, however, found that at the time of trial, the husband held 32 different stocks and bonds and that his securities dealings "show that he regularly buys and sells (securities) in the same manner as some men buy and sell merchandise." Furthermore, the court found that for several years preceding 1967, the husband had realized capital gains of about $10,000 a year from the sale of securities. These activities provided the husband with a substantial cash flow. Accordingly, he was highly liquid and on various occasions "dipped" into principal to meet his current expenses.

Thus, the court found that realized capital gains are an important factor in determining the husband's support abilities. On this basis, the court found the following to be a more accurate projection of the husband's support capacity for 1967.

| | | |
|---|---|---|
| Salary | $35,000 | |
| Dividends | 11,000 | |
| Interest | 1,000 | |
| Capital gains | 10,000 | $57,000 |
| | | |
| Deductions, tax purposes | $ 5,000 | |
| Income tax, joint return on taxable income of $47,000 | | 15,500 |
| | | |
| Total income after taxes | | $41,500 |

Based on this calculation, the court below awarded the wife a support order of $265 per week or $13,780 per annum which is approximately one third of $41,500.

This appeal by the husband followed.

On review of a support order "our duty is limited to determine whether there is evidence to support the order of the hearing judge, and whether there has been an abuse of discretion. . . ." *Commonwealth v. McAlaine,* 193 Pa. Superior Ct. 27, 163 A. 2d 711 (1960). Moreover, this court must sustain an award if it can rest on any valid ground. *Commonwealth ex rel. Heineman v. Heineman,* 185 Pa. Superior Ct. 32, 137 A. 2d 349 (1958). In the instant case, the support award can be sustained on several grounds.

A support order is limited to one-third of the income of the husband. Income, however, has been defined as the equivalent of the husband's "bona fide earning power." *Commonwealth ex rel. Sosigian v. Sosigian,* 202 Pa. Superior Ct. 188, 195 A. 2d 883 (1963). Therefore, the real issue on appeal is whether the husband's realized capital gains may be included

in computing his income for the purpose of determining his support obligation. This question can only be decided, however, by reference to the totality of his economic circumstances as found by the court below.

We said in *Commonwealth ex rel. Gutzeit v. Gutzeit*, 200 Pa. Superior Ct. 401, 189 A. 2d 324 (1963), that support awards are based not on salary or income but on *"earning capacity,"* including any income that can be reasonably earned from (the husband's) assets.

In *Commonwealth ex rel. Hecht v. Hecht*, 189 Pa. Superior Ct. 276, 150 A. 2d 139 (1959), we held that where the father's estate was in excess of $600,000 a support order for his children may be based on an income figure which includes an "unearned income" of $25,000 which was derived by assuming a return on the $600,000 "at a conservative interest rate of approximately 4%." This $25,000 of unearned income was not compensation for the work of the husband, as a salary would be. Rather, it was a return on a passive investment which contributed to the husband's economic welfare. Thus, in *Hecht,* the principle was established that a normal return on investments is part of the bona fide earning power of the husband.

Furthermore, in *Hecht,* we also stated that the earning potential of the husband is likewise considered as part of his earning power. Specifically, the husband in *Hecht,* was involved in a speculative business project from which he was drawing no salary. Nevertheless, we held that since he had surrendered a position paying a salary of $10,000 to $15,000 in order to devote his energies to a speculative business, his wife should not be made to suffer financially as a result of that decision. Therefore, since the husband had a demonstrated ability to earn a certain salary, he was not allowed to relinquish that salary and base a sup-

port award on his new reduced income. His wife was entitled to a support award based in part on his earning potential, whether or not that potential was actually utilized.

The same principle applies in the instant case. The court below found that the husband at the time of trial had total net assets of between $492,000 and $692,000,[1] which, presumably, were capable of sale and investment. Arguendo, accepting the husband's valuation on his estate of $492,000, his return on his investments in 1967 was $22,000 which is comprised of dividends of $11,000, interest of $1,000, and realized capital gains of $10,000. On a percentage basis, he received a return of 4.45%. Therefore, when the husband argues that capital gains should be excluded from any computation of support he is, in effect, maintaining that a yield of 2.44% based exclusively on interest and dividends of $12,000, more accurately reflects the earning power of his assets. This yield, however, is highly unrealistic. A more likely yield which defendant's assets could earn in 1967 would be between 4 and 6 percent, especially in light of the then current high interest rates.

Thus, it is clear that the husband has deliberately sacrificed a greater dividend yield and higher interest rates in the expectation, which has been fully realized, of greater capital gains.[2]

Therefore, in this case, a support award based on realized capital gains, does not represent an invasion of principal. Rather, the capital gains reflect, in part,

---

[1] The discrepancy in valuation is accounted for by the presence of assets which the husband contends are contingent. In addition there is a dispute over the valuation of Hat Corporation stock which the husband received when he sold a business to that corporation.

[2] Included in the husband's net worth is $332,800 of marketable securities which were acquired at a cost of $135,400.

the actual earnings of the original corpus. As we said in *Hecht*, supra, "capital gains realized are a part of the defendant's financial status and are entitled to consideration" as income.

The award of the lower court assumes a return of 4.45% on the husband's total assets. This is not unreasonable and does not constitute an abuse of discretion by the trial court.

The award of the court below may also be justified on the basis of its finding that the husband, at the time of the hearing, was a dealer in securities. Thus, his capital gains stem from an aggressive trading policy and his knowledge and skill of the securities market rather than from a passive investment posture. In this light his capital gains appear to be business income, fully as much as his corporate salary.[3]

Furthermore, the court below did not abuse its discretion when it directed defendant to file a joint federal income tax return with his wife, or in the alternative, pay to her the amount of her income tax liability. The parties in the past have regularly filed joint Federal Income Tax Returns. Defendant has offered no reason as to why he refused to file a joint return which would be mutually beneficial from a tax standpoint to both parties. In effect, then, he has chosen to dissipate the family income. The court below can rectify this situation. *Commonwealth ex rel. Kallen v. Kallen*, 202 Pa. Superior Ct. 500, 198 A. 2d 331 (1964).

The order of the court below is affirmed.

---

[3] Cf. Restatement 2d, Trusts, §233, comment c and III Scott, Trusts, §233.1 (1967) which point out that for trust accounting purposes profits from the sale of trust property are considered income rather than principal when the trustee is conducting a business of buying and selling.