**Commonwealth ex rel. Montagna v. Montagna**

*Angelo A. DiPasqua,* for relatrix.
*Richard L. Raymond,* for respondent.

LIPPINCOTT, J., October 13, 1972.—Defendant-husband has appealed from our order of July 26, 1972, increasing weekly support to $80 for his wife and $40 for their child, or a total of $120. Liability was not contested; the court has been advised that the sole issue to be argued on appeal is whether the amount of the order is excessive based upon defendant's income.

A brief resume of the background is in order. Defendant, a registered master plumber, operates his own plumbing and heating company. His wife worked with him for many years in the business and is thoroughly familiar with it. At the initial hearing on October 29, 1971, prosecutrix produced cancelled checks showing that during the calendar year 1970 the parties actually expended $11,267.06 for personal purposes and testified that this sum represented the true net income from the business after all expenses and taxes were paid. Her precise, detailed evidence was not seriously disputed. Prosecutrix also presented uncontradicted testimony that the normal living expenses for herself and their child, including mortgage payments, utilities, and maintenance of the jointly-owned and occupied home, totalled $230 weekly.

Based on defendant's income of $216 per week, and considering also that prosecutrix earned $74 per week, we entered an order on October 29, 1971, in the amount of $70 for the wife and $35 for the child, or a total of $105 weekly. This order was not appealed. Hence, all questions as to the propriety of the entry of the order are res judicata: Commonwealth ex rel. Bosher v. Malin, 177 Pa. Superior Ct. 433, 110 A.2d 772 (1955); Commonwealth v. Gensemer, 122 Pa. Superior Ct. 456, 185 Atl. 867 (1936).

On May 26, 1972, defendant presented a petition to

reduce the order alleging, inter alia, that the true picture of his income had not been adequately presented previously. At the same time, the wife petitioned for an increase in the order on the ground that her living expenses had risen.

Further hearings were accordingly held on June 23 and July 26, 1972. Defendant testified that his net income was only $6,132 per year as shown by his business records. However, he admitted that such records failed to include all of his cash receipts, which his wife said normally amounted to 25 percent or more of his income. Prosecutrix also strenuously disputed defendant's computations and produced a copious accounting summary of the very same records showing that defendant's net income after all taxes and expenses had increased to $248 per week since the prior hearing. This analysis is part of the record and was not refuted by defendant in any important particular.

In addition, there was substantial evidence to support a finding that defendant's earning capacity was in excess of $15,000 per year. Prosecutrix testified that she works with plumbers in her present position with another plumbing and heating company and that apprentice plumbers today earn $400 per week. She further said that defendant, a master plumber, could easily earn more. This was not only undenied but, interestingly enough, defendant frankly admitted that it is possible for a reasonably aggresive plumber, which he said he is, to earn in excess of $15,000 per year.

Prosecutrix further produced evidence indicating that her expenses had increased since the prior hearing by at least $32 per week. As a result, the court entered the present appealed order increasing

the wife's support from $70 to $80 and the child's from $35 to $40, or a total of $120 weekly.

The court is not bound by defendant's testimony as to his earnings and may base an order on the earning power and standard of living of the parties: Commonwealth ex rel. Kallen v. Kallen, 200 Pa. Superior Ct. 507, 190 A.2d 175 (1963); Commonwealth ex rel. Sosigian v. Sosigian, 202 Pa. Superior Ct. 188, 195 A.2d 883 (1963). This is particularly true where there is a question as to the husband's good faith: Commonwealth ex rel. Spielvogel v. Spielvogel, 181 Pa. Superior Ct. 61, 121 A.2d 886 (1956).

Defendant's evidence as to his earnings was confusingly presented. His records were incomplete and, by his own admission, failed to include all cash receipts. On the other hand, the detailed analysis of the business records prepared by prosecutrix showed income of at least $248 per week and defendant's own admission indicates an earning ability of $300 or more per week. The order of $80 per week for the wife* is less than one-third of the lowest figure and the child's order in the amount of $40 per week is modest enough, considering that it was undisputed that the living expenses of the wife and child now amount to $250 per week.

For these reasons, we feel that the order is fair, reasonable, and fully supported by the evidence.

---

* It should be noted that both parties still reside in the same household and prosecutrix is compelled to pay out of this order all mortgage payments, taxes, heat, water, electricity and insurance on their jointly-owned home, which inures to defendant's benefit. This amounts to $42.50 per week, resulting in an actual net order of only $37.50 per week for the wife. See Commonwealth ex rel. Iezzi v. Iezzi, 200 Pa. Superior Ct. 584, 190 A.2d 334 (1963).