403 A.2d 109

COMMONWEALTH ex rel. Janet E. SWANK, Appellant,

v.

Daniel W. SWANK.

Superior Court of Pennsylvania.

Argued April 11, 1978.

Decided May 10, 1979.

Nathaniel A. Barbera, Somerset, for appellant.

William L. Kimmel, Somerset, for appellee.

Before JACOBS, President Judge, and HOFFMAN, CER-CONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

VAN der VOORT, Judge:

This is a civil support proceeding. The relator-appellant is the mother of four children, only two of whom are now under 18 years of age. Mother and father, appellee, are divorced. The father has remarried and has one child from his second marriage.

The support order appealed from is dated August 31, 1977, was amended on September 6, 1977, and requires payments of $500.00 per month, retroactive to February 19, 1976 for

the support of two children, born respectively November 19, 1959 and May 5, 1965.

Appellant raises three issues:

1. The lower court abused its discretion, as a matter of law, by awarding only $500.00 per month in view of the father's taxable income of $141,000 in 1974 and $288,000 in 1975;

2. The lower court erred by failing to rule on a Motion for Sanctions filed by the mother, and by deciding the matter contrary to the mother's contentions; and

3. The lower court erred in refusing to make the support order retroactive to August 27, 1974 when a previous complaint had been filed, rather than February 19, 1976, when the most recent complaint was filed, asking for an increased order.

We dispose first of the third issue, which is retroactivity. Both parties cite *Commonwealth ex rel. Bishop v. Bishop*, 234 Pa.Super. 600, 341 A.2d 153 (1975), a case in which the court made a support order retroactive to the date of filing of the complaint. The same procedure was followed in this present case, but the appellant mother asks that the order here appealed from be made retroactive to an earlier complaint filed in August, 1974 because, she says, the husband gave misleading testimony in 1974 as to his income. No appeal was ever taken from the lower court's denial of the August, 1974 complaint. Further, the appellant instituted this action by a new complaint in 1976, rather than seeking to have the 1974 action reactivated. In view of these facts, and in the absence of any other compelling reasons having been presented, we cannot find that the lower court abused its discretion in refusing to extend retroactivity beyond February 19, 1976.

The second argument raised by appellant is that the lower court improperly suspended action on the Motion for Sanctions.

Judge Coffroth's Opinion dated August 31, 1977 sets forth the following resume of the proceedings before the lower court:

"October 30, 1969: Support order for $150.00 a month for four children.

June 17, 1974: Complaint of plaintiff mother filed for increase of order.

August 27, 1974: Complaint for increase denied.

February 19, 1976: Complaint of plaintiff mother filed for increase of order.

June 11, 1976: Petition for increase granted, order made for $300.00 monthly for two children.

June 30, 1976: Application for review filed by plaintiff mother.

August 19, 1976: Hearing held by Court on application for review, continued for consideration of plaintiff's discovery requests and for further hearing.

October 20, 1976: Argument on plaintiff's requests for discovery.

December 6, 1976: Opinion and order filed granting discovery. See Commonwealth ex rel. Swank v. Swank, 32 Somerset Legal Journal 209 (1976).

July 7, 1977: Plaintiff's motion for sanctions filed and rule awarded, for failure of defendant to comply with discovery order of December 6, 1976.

August 3, 1977: Final hearing and argument."

Judge Coffroth then pointed out in his Opinion that the father had not complied with the discovery order of December 6, 1976 in failing to produce the following:

(1) 1974 tax return for 3S Coal Company, 1975 tax return for Swank Construction Inc., tax returns for Swank & Burns Equipment Company, and balance sheets for all businesses.

(2) Documents relating to purchase of defendant's present home.

(3) Blue Cross and Blue Shield information.

(4) Financial statements given in support of partnership loans.

(5) Details of payments to Sally and Diane, the two oldest children who attend college.

(6) Detail of payments for dental bills and eyeglasses.

The judge went on to say that while sanctions were "fully justified":

". . . both parties have informed us that there is sufficient data in the record, without the additional information not yet furnished, to enable the Court to make a fair and reasonable order of support. Our own review of the record confirms that view."

". . . Accordingly we shall defer ruling on the sanctions motion until a clear need for so doing is shown . ."

Counsel for the mother now says that the lower court was incorrect in saying that both counsel had informed the court that there was "sufficient data" in the record. Counsel now says, in effect, that he informed the court only that there was enough in the record (specifically in the tax returns) to justify the order he was asking for, in the amount of $2,298 per month.

The record shows the following colloquy concerning this issue:

"THE COURT: Apart from the deficiencies which you enumerated which respects requiring the material, is there enough data in the record now from what you have gotten and which you previously introduced, for the Court to make a fair order?

ATTORNEY FOR WIFE: I think there is.

THE COURT: Without requiring any further data?

ATTORNEY FOR WIFE: I think there is, because we have the '74 return and the '75 return. The other items would really go on more to his holdings; the '74 return shows his income. The income in '74 was $141,000. We calculated our demand of $2,298 on the $112,000 reduced by his payments for taxes, retirement plan and so on and so forth.

THE COURT: If we should, after reviewing this, agree with you that there's enough data to make an Order and

that we should make an Order—something different than the $300, whether or not you would agree with the figure—are you saying then that the additional discovery is not necessary?

ATTORNEY FOR WIFE: No, what I'm saying is that we believe just the tax returns alone that we were able to receive are sufficient to justify an Order in the amount that we've requested. In fact, the '75 return would support an Order in excess of $5,000 a month.

Now, what I'm saying is, to have a complete picture and add to it not just his income, but his holdings, which the cases say you consider the holdings as well, the property that he owns, in determining a fair Court Order for support. We're saying just on the tax returns alone, we have sufficient information to support the Order . . ."

It seems to us a reasonably accurate conclusion from reading the above colloquy that counsel for the mother was agreeing to a suspension of action on his Motion for Sanctions only if his support demands on behalf of his client were met. Putting the matter a little differently, we find in the colloquy no clear evidence that counsel for the mother was agreeing that the information sought by him for about a year was no longer necessary.

We therefore reverse and remand, so that the lower court may compel completion of discovery, or take whatever other appropriate action it believes proper on the Motion for Sanctions. Upon the completion of those steps the lower court may then enter an appropriate Support Order.

■ We deem it appropriate in this case to further comment on the first issue raised. That is the question of whether the order of $500 per month for the support of the two minor children constituted any abuse of discretion by the lower court. While the record may compel a different reaction after action is taken on the Motion for Sanctions, and further evidence is perhaps made available, on the present record, the support order appears to be inadequate.

It has been held that support should be computed on the cost of supporting the children in a standard of living reasonably consistent with the financial circumstances and lifestyle of the parents, *Commonwealth ex rel. Gitman v. Gitman,* 428 Pa. 387, 237 A.2d 181 (1968). The financial potential of the parent (or parents in an appropriate case [1]), which includes not only "earnings" but earning power should be considered. *Commonwealth ex rel. Gitman v. Gitman, supra; Commonwealth ex rel. Sosigian v. Sosigian,* 202 Pa.Super. 188, 195 A.2d 883 (1963); *Commonwealth ex rel. Gutzeit v. Gutzeit,* 200 Pa.Super. 401, 189 A.2d 324 (1963). The court can and should take into account unearned income from investments, *Commonwealth ex rel. Fishman v. Fishman,* 213 Pa.Super. 342, 247 A.2d 810 (1968); *Commonwealth ex rel. Hecht v. Hecht,* 189 Pa.Super. 276, 150 A.2d 139 (1959).

 *Commonwealth ex rel. Gitman v. Gitman,* 428 Pa. 387, 237 A.2d 181 (1967), presented a fact situation much like that evident in the present case since it involved a husband who was part-owner of several closely held family corporations. In that case the Supreme Court pointed out that the court should take into account the so-called "perquisites" of part ownership in the corporations and the "true worth and value" of the defendant's interests in the family corporation. See also *Commonwealth ex rel. Gutzeit v. Gutzeit,* 200 Pa.Super. 401, 189 A.2d 324 (1963). From the amount of the award of the lower court, we are constrained to believe that all of these issues have not been adequately considered.

As noted above, it is our opinion that the record in this case is incomplete, because the discovery ordered by the court was not completed. While we have expressed our impression, based upon the record now before this Court, that the awards of $500 per month were inadequate, that impression is certainly not intended to be binding upon the lower court which will have an opportunity to evaluate all available information after remand and further proceedings.

The case is remanded for proceedings consistent with this Opinion.

1. See *Conway v. Dana,* 456 Pa. 536, 318 A.2d 324 (1974).

SPAETH, J., concurs in the result.

PRICE, J., files a dissenting statement.

JACOBS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

PRICE, Judge, dissenting:

I dissent. I would affirm the order of the court below entered August 31, 1977, as amended on September 6, 1977.