THEODORE F. GOLOSKIE *et ux. vs.* EDGAR LALANCETTE.

JULY 19, 1960.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

CONDON, C. J. This is a bill in equity to enjoin the respondent from continued trespassing on the complainants' land located in the town of Glocester and on a body of water covering a certain portion of such land. The respondent filed an answer in the nature of a cross bill by which he sought to enjoin the complainants from interfering with

his right to fish, boat and swim in said body of water. The cause was heard in the superior court on bill, answers, replications and proof and resulted in the entry of a decree granting the relief prayed for by the complainants and denying the relief sought by the respondent. The cause is here on the respondent's appeal from such decree.

The respondent's reasons of appeal are nineteen in number but only those numbered 1 to 6 and 8 to 12 inclusive have been briefed and argued. In accordance with our long-established rule the reasons not briefed are deemed to be waived. For purposes of argument respondent has grouped his reasons of appeal under four separate points in his brief. Reasons 8 to 12 are argued under point I and designated A, B, C, D and E; reasons 1 and 4 under point II; and reasons 2, 3, 5 and 6 under points III and IV. In our discussion we shall follow that order.

Under point I-A the contention is made that the trial justice erred in admitting into evidence complainants' exhibits A to K. These exhibits consisted of complainants' deed to the *locus in quo* and certified copies of prior deeds and wills purporting to be in their chain of title back to the year 1844. The respondent contends that the purported chain of title is not complete so that it was impossible for the trial justice to know with certainty what land the complainants own, particularly with reference to the body of water on which the alleged trespasses have occurred and are threatened in the future. We have examined such exhibits and are of the opinion that there is no merit in the contention. Except for a minor, inconsequential variance in the description in complainants' deed all prior deeds purport to convey the same tract of land.

Under point I-B it is contended that complainants' exhibit N was erroneously admitted. This exhibit is a map of the Ponagansett Reservoir made and prepared for the Ponagansett Reservoir Company by J. A. Latham & Son. Stanton M. Latham testified that his father, now deceased,

made the map in the regular course of business and that it was among the records of their office. The respondent argued that since the witness had not himself prepared the map it was not admissible. The complainants contended that it was admissible under general laws 1956, §9-19-13. This statute has been customarily given a liberal construction. In the circumstances here the trial justice did not err in admitting the map as a record made in the usual course of business. *Albert S. Eastwood Lumber Co.* v. *Britto,* 51 R. I. 406. The respondent advanced other grounds in support of his contention, but we see no need to discuss them since they are clearly lacking in merit.

Under point I-C he contends that the trial justice erred in admitting complainants' exhibit L which is a plan of their land made by Frank M. Waterman, a licensed surveyor and engineer. The respondent contends that the surveyor did not properly perform his duty in establishing the boundaries of complainants' land and that therefore the map was not properly admitted. We have carefully examined the surveyor's testimony concerning the manner in which he identified the boundaries of complainants' land and we are unable to see any reasonable basis for the respondent's contention on this score. He also argues in support of the inadmissibility of the exihibit that it violates the parole evidence rule. There is no basis for any such argument. It appears to us that respondent misconceives the scope of the application of that rule.

Under point I-D he contends that the trial justice erred in not permitting him to have Mr. Waterman mark in red pencil on complainants' exhibit L the location of a certain area of land described in a deed which respondent had introduced in evidence and which the witness testified he had surveyed. In support of his contention he refers us to *Round* v. *Burns,* 77 R. I. 135, and *Albro* v. *Matteson,* 64 R. I. 494. Neither of those cases has any application to the matter in controversy. Here the respondent was seek-

ing to have the witness mark the complainants' exhibit to show a fact in proof of which the exhibit was not introduced. In our opinion the trial justice quite properly sustained complainants' objection.

Under point I-E respondent contends that complainants' exhibit O was erroneously admitted. This exhibit is a copy of a plat of lots on file in the town clerk's office. This copy was made by Mr. Waterman at the request of complainants after respondent had introduced into evidence a plan of these lots and a deed to him of lots 1 to 5 thereon. Exhibit O corresponded precisely with such plan except that it bore a red line which the surveyor made thereon to show the easterly boundary line of the property which was sold outright to the trustees of the Ponagansett Reservoir Company. He also testified that this plat had no reference to complainants' land.

The respondent further contends that the introduction of this exhibit violates the parole evidence rule in that the markings thereon made by the witness vary, modify or detract from the recorded plan of lots shown by his exhibit 2 and also from his exhibit 1, the deed to him of lots 1 to 5. This contention is without merit. The complainants' exhibit and the testimony given by Mr. Waterman in connection therewith do not vary the respondent's deed, but simply indicate the easterly line of his lots with relation to the shore of the reservoir. Hence the situation here is not at all like that presented in *Gaddes* v. *Pawtucket Institution for Savings,* 33 R. I. 177, *Kuzoian* v. *Jaffa,* 52 R. I. 367, or *Allen* v. *Marciano,* 79 R. I. 98, upon which respondent relies. The respondent's reasons of appeal 8, 9, 10, 11 and 12 under which the above contentions were made are therefore overruled.

This leaves his other points for consideration in the light of all the evidence which the trial justice had before him. It is advisable to make this statement because respondent's contentions in support of some of those points are predi-

cated at least in part upon the validity of his objections to the trial justice's rulings on the evidence.

The following facts are established by all the evidence. On December 6, 1943 Mabel F. Place conveyed by warranty deed to complainants certain real estate described therein as follows:

"A certain farm or tract of land, situate in said Glocester, with all buildings and other improvements thereon, containing 225 (two hundred twenty-five) acres, be the same more or less, and bounded and described as follows, to wit: Northerly on land now or formerly of David Page, Easterly on the highway and land now or formerly of Joseph Davis' heirs, Southerly on land now or formerly of Smith Peckham and the South Killingly Road, and Westerly on land now or formerly of Theodore D. F. Hammond and Amasa Tucker. Meaning and intending to convey hereby, whether the above description be sufficiently broad or not, all real estate formerly owned by the late Othniel Saunders and/or his late wife or widow, Mercy Saunders, and including the property conveyed to the said late Mercy Saunders by Alvin H. Shippee, administrator of the estate of Othniel Saunders, by deed dated July 22, 1871, and recorded in Glocester Land Records in Book No. 27 at page 628, the latter parcel being subsequently conveyed to this grantor by Executrix's Deed of Amey J. Saunders, through her duly qualified executrix, Hannah S. (or M.) Mann, and recorded in said Glocester Land Records in Book No. 45 at page 475, the intent of which said last-mentioned deed having been to convey to this grantor, whether the description therein was sufficiently broad or not, all the real estate owned by the said late Othniel Saunders and/or his late wife or widow, Mercy Saunders. Subject to encumbrances of record."

Thereafter complainants took actual possession and made valuable improvements thereon and have continued in occupation ever since. At the time they took possession, a substantial portion of the farm was covered by water forming a part of Ponagansett Reservoir north of the South Kil-

lingly Road now called Snake Hill Road. Prior to 1941 this part of the reservoir was dry except for a natural pond with a small brook flowing southerly from it. It was in that condition when complainant Theodore F. Goloskie first saw it in 1927, and also in 1939. Mabel F. Place testified that when she owned the farm she pastured cattle and picked blueberries on the part now covered by water. There was also testimony that it remained dry until the dam was built or rebuilt in 1941.

The respondent owns certain lots of land south of Snake Hill Road. South of that road there is another portion of the Ponagansett Reservoir. The fee to the bed thereof and to a narrow strip of surrounding land uncovered by water when the height thereof at the spillway is 25 feet appears to be in the Ponagansett Reservoir Company. This strip separates respondent's lots from the reservoir, although there was testimony by Mr. Waterman that when he measured the water it was at 26 feet and at that height it covered a small portion of respondent's lot 1. The respondent's land does not adjoin complainants' land but is separated therefrom by Snake Hill Road. The reservoir company has only flowage rights in the portion of the reservoir north of the road, the fee thereof remaining in the complainants' predecessors in title including Mabel F. Place, their immediate predecessor.

The complainants have no quarrel with respondent as to his supposed rights in the reservoir south of Snake Hill Road. All that they claim is that he has no rights in the portion north of the road because such portion is their property subject only to the flowage rights of the reservoir company. In other words they claim that this part is in effect a private pond and therefore respondent has no right to fish, boat or swim therein without their permission. The trial justice in effect so found.

Under point II respondent urges that this was error because he is a riparian owner on the Ponagansett River and

as such he has a riparian right to use the stream for boating, swimming and fishing in its flooded condition which includes the part claimed by complainants. In making this contention respondent's counsel refers to the brook which flowed from the natural pond on complainants' land as the Ponagansett River and assumes it is navigable. However, there is no evidence that this stream was a river or that it was in fact navigable. On the contrary a witness for complainants testified positively that it was a narrow brook filled with stones on which one could not even use a rowboat. Moreover respondent presented no evidence that his lots bordered on such stream so as to constitute him a true riparian proprietor. Indeed his own evidence does not show that his lots even border on the reservoir. Only when the reservoir overflowed beyond its agreed height of 25 feet at the spillway did any water reach a small portion of his land.

On this evidence the trial justice did not err in finding that complainants had shown title and possession to that portion of the reservoir covering their land north of Snake Hill Road. Nor did he err in finding that respondent was not a riparian owner as he claimed. "When the owner of land on the banks of a stream has by the exercise of a right of flowage created an artificial pond upon his land the right to use the water thus stored is exclusively in such owner and the proprietors of land bordering on such artificial pond do not acquire any right in the water therein upon the ground that by flowage the shores of the pond have been brought to their land." *Public Utilities Comm'n* v. *East Providence Water Co.,* 48 R. I. 376, 394.

In that case the owner of land bordering upon the artificial pond claimed the right to use water therefrom based on the mere fact that the flowage brought the shore of the pond to its land. In the case at bar respondent claims that the flowage in the south portion of the reservoir has made him a riparian owner with the rights appertaining thereto. Such claim is equally lacking as was the claim in the *East*

*Providence Water Co.* case. Of course it may be true that in certain special circumstances the owners of land abutting on an artificial pond could be entitled to riparian rights therein, as we indicated in *Hood* v. *Slefkin,* 88 R. I. 178, 143 A.2d 683, 686, but respondent has shown no special circumstances that would support such a claim here.

Under this same point respondent contends that in applying the rule in actions of trespass *quare clausum fregit* to the evidence here the trial justice misconceived the law applicable in equity to a case of this kind. He contends that complainants could prevail only by proving the strength of their own title and not by the weakness of their adversary's title and he cites *Talbot* v. *Town of Little Compton,* 52 R. I. 280, *Olney* v. *Fenner,* 2 R. I. 211, and *Hood* v. *Slefkin, supra.* Those cases are not in point on the issue. The respondent is not claiming title to complainants' close nor are complainants questioning his title. Here the claim is solely one of threatened injury to complainants' possession and the trial justice did not err in applying the law as he did.

The respondent contends further under point II that he did not receive the benefit of a fair and impartial trial because the trial justice did not apply the same rule of law to his claim for equitable relief under his cross bill as was applied to the complainants' claim. And in connection with such contention he argues that the trial justice's action amounted to a denial of due process in violation of article XIV of amendments to the federal constitution and deprived respondent of a constitutional right of fishery under article I, sec. 17, of the state constitution.

There is no merit in any of those contentions and on the face of the record they appear to be frivolous although respondent has argued them at considerable length. The fact is the evidence clearly showed that complainants had title to most of the land under the reservoir north of Snake Hill Road and unquestionably to all of it surrounding the nat-

ural pond and the brook that issued therefrom. On the other hand there was no evidence that respondent had title to any of the land under that part of the reservoir south of said road and certainly none showing that his land bordered on the brook which he called the Ponagansett River. Therefore the trial justice did not misconceive or misapply the law applicable to the facts before him. The respondent's reasons of appeal 1 and 4 which he has argued under point II are overruled.

Under point III he has argued reasons of appeal 2, 3, 5 and 6 substantially to the effect that the trial justice's decision is against the law and the evidence and the weight thereof. His argumentation of this point in his brief proceeds at great length and in our opinion is overburdened with numerous citations of authorities which are scarcely apposite in the light of the evidence to which he seeks to apply them. We shall not lengthen this opinion further by attempting to discuss these contentions in detail. It is sufficient to say that they are without merit on the facts found by the trial justice, which findings we cannot say are clearly wrong. In such circumstances in accordance with our well-settled rule in equity this court will not disturb his decision. *Monahan* v. *Monahan*, 83 R. I. 385.

Under point IV respondent makes certain other contentions in support of the same reasons of appeal, all of which in our opinion are clearly beside the points raised by said reasons and add nothing to what he has previously argued somewhat exhaustively under point III. It does not appear to be either necessary or desirable for us to discuss these contentions except to say that on our view of the evidence they are wholly lacking in merit, and the many authorities cited by respondent have no application to the case which was presented to the trial justice by such evidence. With reference to point IV as was noted above in our discussion of point III, we are satisfied that the trial justice did not err in his conclusions as to the law and the evidence or the

weight thereof and therefore his decision will not be disturbed. Reasons of appeal 2, 3, 5 and 6 which were argued under points III and IV are overruled.

There is one final contention with reference to the terms of the injunction which should be noted before we conclude. The respondent contends it is not clear and definite what premises he is enjoined from trespassing upon. While the description may be difficult to follow precisely, it is clear that it refers only to the complainants' premises north of the South Killingly Road now called Snake Hill Road. This road is well defined and can be readily identified by the respondent. If he continues to boat, fish or swim in the reservoir north of that road he will be violating the injunction. Of course it is possible that other owners of land bordering on the reservoir north of the road may have riparian rights as well as the complainants, but since the respondent is not claiming such rights by, through or under them or any of them he can gain no benefit from the existence of such a possibility.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

### On Motion to Reargue.

#### JULY 29, 1960.

Per Curiam. After our decision in the above cause was filed, the respondent requested and received permission to present a motion for leave to reargue. Pursuant thereto he has filed such a motion, stating therein certain reasons on which he bases his contention that justice requires a reargument of the cause.

We have carefully considered those reasons and we are

of the opinion that they raise no question which in the circumstances warrants reargument.

Motion denied.

*Edward F. McElroy,* for complainants.

*Francis D. Fox,* for respondent.