Commonwealth ex rel. Arena *v.* Arena,
Appellant.

Argued December 14, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Jonathan De Young,* for appellant.

*Kingsley A. Jarvis,* with him *Leonard F. Markel,* for appellee.

OPINION BY ERVIN, P. J., March 18, 1965:

This is an appeal from the order of the Court of Quarter Sessions of Montgomery County, dated April 28, 1964, increasing an order for support of defendant's three sons, aged 15, 13 and 12 years, from $36.00 per week to $48.00 per week and simultaneously dismissing defendant's petition for a decrease in the support order.

The original order, entered by agreement August 9, 1960, was for $30.00 per week, later increased on August 3, 1961 to $36.00 per week. At the hearing of April 28, 1964 relatrix testified that the expenses of the children increased and now averaged over $70.00 per week; that the boys were growing and eating more, and all their living expenses increased, including clothing. The boys were in the custody of the mother, with visitation rights in the father. They attend parochial school.

Appellant does not question the expenses of maintaining his children. Appellant contends that his financial condition is such that he cannot pay the increase of approximately $16.00 per month per child, but, in accordance with his petition for reduction, is entitled to a decrease in the order of $36.00 per week.

Appellant is employed by his brother as manager of the Powder Horn Inn and receives an average salary of $50.00 per week but has no proprietary interest in the business which, he contends, is losing money. Appellant takes his salary "as needed" out of the proceeds of the brother's business. He also receives a pension check of $66.00 per month, plus rents of $30.00 from a house and wages of $220.00 per month, making a total of $316.00 per month. Expenses of $395.00 per month are listed by appellant. Appellant admitted he could earn $85.00 per week elsewhere but stayed with his brother because the prospects for improving the business were good. It appeared that in the past he had made as much as $100.00 and $110.00 per week. In addition appellant admitted going out socially with a woman friend who drove a Lincoln Continental although he denied paying for the car.

Relatrix was employed in the Sheriff's office of Montgomery County. The court below knew the parties well and devoted much time in an effort to solve their problems and further the welfare of the children.

Relatrix had the burden of showing by competent evidence such change in conditions as would justify modification of the order for the support of the children: *Com. ex rel. Heller v. Yellin,* 174 Pa. Superior Ct. 292, 296, 101 A. 2d 452. The rule that a support order should not exceed one-third of a husband's income is not applicable where support of children is involved: *Com. ex rel. Iezzi v. Iezzi,* 200 Pa. Superior Ct. 584, 190 A. 2d 334.

The purpose of a support order is the welfare of the child and not punishment of the father. It must be fair and not confiscatory in amount, being intended to provide such allowance for support as is reasonable, considering the property, income and earning capacity of the father, and the condition and station in life of the family: *Com. v. Camp,* 201 Pa. Superior Ct. 484, 488, 193 A. 2d 685; *Com. ex rel. Warner v. Warner,*

194 Pa. Superior Ct. 496, 168 A. 2d 755; *Hecht v. Hecht*, 189 Pa. Superior Ct. 276, 150 A. 2d 139.

The question on appeal is whether there is evidence to sustain the hearing judge's order. The reviewing court will not interfere unless an abuse of discretion is shown: *Com. ex rel. Kallen v. Kallen*, 200 Pa. Superior Ct. 507, 509, 190 A. 2d 175; *Com. ex rel. Raitt v. Raitt*, 203 Pa. Superior Ct. 226, 228, 199 A. 2d 512.

On two previous occasions appellant had paid lump sums of $555.00 and $216.00 rather than sustain a penalty. From this the hearing judge concluded that appellant had additional assets or income not fully disclosed. Appellant inferred he borrowed the money to make these payments.

An order of support, in a proceeding under §733 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4733, is not final but may be increased, reduced or vacated where the conditions of the parties change: *Com. v. McAlaine*, 193 Pa. Superior Ct. 27, 29, 163 A. 2d 711.

Actual earnings are not controlling where liability to support children exists, and when all factors are considered, including earning capacity, income, property and situation in life of the parties (*Com. ex rel. Warner v. Warner*, supra) we believe the order appealed from is supported by the evidence and that the hearing judge did not abuse his discretion in entering the increased order. The hearing judge was in a position to make an estimate of appellant's true income and ability to pay, especially where appellant is employed in a family business.

Wages paid by a family business must be scrutinized carefully: *Com. ex rel. Litz v. Litz*, 190 Pa. Superior Ct. 310, 154 A. 2d 420; *Com. ex rel. Kane v. Kane*, 193 Pa. Superior Ct. 98, 163 A. 2d 925; *Com. ex rel. Warner v. Warner*, supra. Relatrix showed changed circumstances in that the children were growing and required

greater sums to adequately support them. The hearing judge could find from the evidence that defendant's ability to pay under the order was greater than it was when the $36.00 per week order was entered.

Order affirmed.