Commonwealth ex rel. Shumelman *v.* Shumelman, Appellant.

Argued June 15, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Pershing N. Calabro,* for appellant.

*Wilbur Greenberg,* with him *Hillel S. Levinson,* and *Miller, Pincus and Greenberg,* for appellee.

OPINION BY SPAULDING, J., November 17, 1966:

This is an appeal from an order of the County Court of Philadelphia of $150 per week for the support of

appellant's wife and two children, Barton and Robert. Barton, age 24, is mentally retarded and attends the Pennsylvania Association School for Retarded Children. Robert, age 18, is a student at the Philadelphia Community College.

Appellant is employed by, and is one-third owner of, the L & A Creative Art Studio, a corporation. As a salesman, he receives a gross salary of $200 per week. His net weekly income after taxes, hospitalization and medical insurance for his family, is $161. Appellant testified that his personal expenses, including business use of his automobile, amounted to approximately $44 per week. He has an insurance policy, with his wife as beneficiary, which costs about $2 per week and he contributes $19 weekly for school expenses of Barton and Robert. His income balance is accordingly reduced to approximately $100 per week.

Appellee contends that this statement of income is inaccurate and refers to appellant's 1964 income tax return which reflected a gross income of $13,600. However, this return included a $3000 bonus which, according to appellant, was a mere "paper bonus" remaining in the corporation and unavailable for personal use. This testimony was not contradicted and we have no reason to discredit it.

We agree with the court below that wages paid by a closely held corporation to one of its principal owners must be closely scrutinized, *Commonwealth ex rel. Arena v. Arena*, 205 Pa. Superior Ct. 76, 207 A. 2d 925 (1965), and that frequently there is the opportunity "to control and manipulate accounting practices, and to receive payments and benefits which are masked as business expenses." However, opportunity for overreaching, without more, does not justify the conclusion of its existence. There is no evidence that appellant receives payments and benefits designated as business expenses which would warrant an inference that his

earning capacity is greater than the approximate $200 weekly gross to which he testified. Nor is there evidence that the corporation has accumulated large profits in lieu of a fair and reasonable salary schedule. The corporation maintains a cash position of $10,000 or less and its accounts payable total approximately $50,000.

The trial court also made reference to appellant's business trips to California and Texas and to a loan he made to the wife of a business associate. We find no evidence that these items increased appellant's earning capacity.

A consideration of the needs of the appellee reinforces our conclusion that the evidence does not justify an order of $150 per week. When the parties first separated, appellant paid his wife $60 each week, out of which she maintained the family. Subsequently, he increased the payments to $100 weekly, including mortgage charges of $18 per week on the home jointly owned by them. Although appellee submitted a list of weekly needs totaling $151.30, she admitted that $100 was the most she had ever received and spent for household expenses before or after the separation.

In weighing the above evidence, it is important to remember that the purpose of a support order is the welfare of the children and not the punishment of the father. It must be fair and not confiscatory in amount, being intended to provide a reasonable allowance for support, considering the property, income and earning capacity of the father, and the station in life of the family. *Commonwealth ex rel. Arena v. Arena,* supra; *Commonwealth v. Camp,* 201 Pa. Superior Ct. 484, 193 A. 2d 685 (1963).

We realize that "A judge who sees and hears the witnesses in a case such as this is in a better position than we to decide the issue on its merits and our function on appeal, therefore, is merely to determine whether the lower court is chargeable with an abuse of dis-

cretion." *Commonwealth ex rel. Pitucci v. Pitucci,* 200 Pa. Superior Ct. 591, 593, 189 A. 2d 912, 913 (1963); *Commonwealth ex rel. Pinkenson v. Pinkenson,* 162 Pa. Superior Ct. 227, 57 A. 2d 720 (1948).

However, in light of the evidence presented, we conclude that $150 per week does not represent the reasonable needs of the appellee and the two children, nor is it within appellant's ability to pay.

The order is amended to direct appellant to pay $100 per week to appellee. Mortgage charges are to be paid by the appellee.

As amended, the order is affirmed.