Commonwealth ex rel. Lipsky *v.* Lipsky, Appellant.

216

Argued December 13, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

 

*Samuel S. Blank,* with him *John S. Manos,* for appellant.

*Maurice J. Friedman,* for appellee.

OPINION BY MONTGOMERY, J., March 20, 1969:

Appellant-husband has appealed from an order providing for the support of his wife in the amount of $135 per week, and his child in the amount of $35 per week, or a total of $170 for both. Appellant contends

that $135 per week for the wife is excessive and that the order should not have been made retroactive. It was originally entered on December 26, 1967 without the retroactive provision, but on December 29, 1967 by an amended order, it was made retroactive to January 18, 1967 with the following notation, "See notes of testimony, page 17, of January 18, 1967, 'and if an order is to be made it will be made retroactive to today.' " Appellant does not question the reasonableness of the order for the child.

Hon. EDWARD A. KALLICK, Judge, who heard the case, retired from the bench on the first Monday of January, 1968 without writing an opinion to explain the reasons for his order, which compelled this Court to examine the record very closely.

Our independent study of the record discloses that appellant operates a pharmacy in Collingdale, Pennsylvania. His income tax return for 1966 showed total gross income of $16,764.15, less $1,800 for three exemptions and $1,000 for unitemized deductions, or a net income of $13,964.15, on which he paid a tax of $3,935.64, leaving him approximately $10,000 spendable income. However, one of the items included as business expenses was $2,147.71 claimed as depreciation. If this be included in spendable income and we add the exemptions he claimed for his wife and child at $600 each or $1,200, his spendable income would amount to $13,367 for 1966. The return for 1966 is consistent with the return for prior years beginning in 1961, each of which showed a slight increase over the prior year. There is nothing in this record indicating any falsification of the returns.

Four thousand five hundred dollars would represent one third of his spendable income as herein previously stated. This would be the maximum to which the wife would be entitled under our decisions in the

absence of exceptional circumstances. *Commonwealth ex rel. Sosigian v. Sosigian*, 202 Pa. Superior Ct. 188, 195 A. 2d 883 (1963); *Commonwealth ex rel. Milne v. Milne*, 150 Pa. Superior Ct. 606, 29 A. 2d 228 (1942). However, when children are involved we have held that the one-third rule does not apply. *Commonwealth ex rel. Iezzi v. Iezzi*, 200 Pa. Superior Ct. 584, 190 A. 2d 334 (1963); *Com. ex rel. Binney v. Binney*, 146 Pa. Superior Ct. 374, 22 A. 2d 598 (1941).

Although the lower court separated its order as between the wife and child, we do not believe that this compels us to consider the matters separately. The mother will maintain herself and the child from the total fund she is to receive. As originally ordered at $170 per week, this amounts to $8,840 annually, or considerably more than one half of appellant's spendable income. Although there is no rule which says that an award for a wife and children may not exceed one half of the husband's income, it must not, nevertheless, impose an unreasonable burden on him. *Commonwealth ex rel. Shumelman v. Shumelman*, 209 Pa. Superior Ct. 87, 223 A. 2d 897 (1966); *Commonwealth ex rel. Ross v. Ross*, 206 Pa. Superior Ct. 429, 213 A. 2d 135 (1965).

The present circumstances of the parties appears to be as follows: appellee-wife lives in a two-room apartment at $35 per week, with domestic help two days a week at a cost of $21 per week. He lives in quarters in the same building in which he operates his pharmacy. Each party operates an automobile. His weekly living expenses total about $55 per week. She estimates hers for the support of herself and child to be $344.10 per week, which is grossly overestimated and unreal as we read this record. Prior to the separation of the parties they maintained themselves and child on $165 per week, which appellant withdrew from his

business. Since the separation appellee has made purchases which were charged to appellant or his business of approximately $2,000, which he must pay, in addition to about $5,000 outstanding indebtedness on the purchase price of his business and for drugs supplied to it. Appellee is not engaged in employment although she is a university graduate who has majored in education which qualifies her as a teacher.

Under all the circumstances that we observe in this record we are of the opinion that the order of $170 is unreasonable, and that a combined order of $125 per week is appropriate. This is about one-half appellant's spendable income for the year 1966 after adding depreciation and exemptions to his net income after taxes. This is, of course, subject to change in the future on proof of changed conditions. The retroactive provision of the amended order will be permitted to stand. This appears to be in accordance with the understanding of the parties and made a part of this record at the time of the original hearing. At that time a question of jurisdiction arose and the case was continued for the disposition of this issue, the appellant agreeing to pay $100 per week until a final order should be entered which, as previously set forth, would be effective as of the date of the original hearing. The appellant has made such payments and will, therefore, be required to pay only the difference between the final order as we shall affirm it and the amount he has been paying.

The combined order for the appellee and the child is reduced to $125 per week retroactive to January 18, 1967, subject to proper credit for payments made since then, and as thus amended the order of the lower court is affirmed.