**Commonwealth ex rel. Roisman v. Roisman**

*Sidney M. DeAngelis,* for relatrix.

*Raymond Pearlstine* and *Leonard Dubin,* for respondent.

HONEYMAN, J., June 1, 1972.—This is an action brought by the prosecutrix, Lila S. Roisman, against her husband Leon G. Roisman, for her support and that of their son, Richard. After hearings held on September 22, 1971, and December 7, 1971, the court, after a review of the record and briefs, on April 5, 1972, entered an order for support. The order awarded the wife $375 per week and $50 per week for her son Richard based upon the following express conditions about which there is little or no dispute:

1. There was no issue as to relatrix' entitlement to a support order;

2. It was undisputed that this order shall be effective as of the date of the first hearing, viz. September 22, 1971;

3. Commencing with 1972, the parties will file separate Federal income tax returns;

4. Defendant, for all years, is entitled to claim both sons of the parties as exemptions on his individual Federal income tax return;

5. Defendant shall continue to fully support and maintain the older son, Roger, who is presently a college student;

6. Defendant shall continue to supply the younger son, Richard, with reasonable spending money as well as reasonable use of a PNB credit card, presently estimated to be used at the rate of $30 to $40 per month;

7. Defendant shall pay for any major repairs or capital improvements to the real estate owned by the parties as tenants by the entireties, but occupied exclusively by relatrix and son, Richard;

8. Relatrix shall pay for any items of routine repair or maintenance of the entireties property;

9. Defendant shall continue to make the monthly mortgage payments on the entireties property as well as paying the premiums for homeowner's insurance coverage thereon and the real estate taxes; he shall also continue to pay for the insurance coverage on relatrix' automobile; he shall also be responsible for the continuation of Blue Cross, Blue Shield and Major Medical coverage on relatrix and two sons;

10. The order of support for son, Richard, shall be terminated upon his matriculation as a full-time college student in 1972, and defendant shall thereupon assume full financial responsibility for his support and maintenance.

Defendant filed an appeal from this order on May 2, 1972, necessitating this opinion.

The parties were married September 12, 1948, and had two sons, Roger and Richard. Approximately 12 years ago they purchased a home in Penn Valley, Lower Merion Township, for a basic cost of $38,500, plus some extras, including central air conditioning. Undoubtedly, this home has dramatically increased in market value. It is situate in a very fashionable section of our county. Defendant left the marital domicile on May 18, 1968. Thereafter, and until July 1970, he fully maintained the home, provided her with an automobile, including insurance, covered her and the boys with full medical insurance and gave her $1,300 per month. Thereafter, he reduced the monthly stipend to $833 and has continued at that rate up until the entry of the support order.

During their 20 years of cohabitation, defendant's businesses prospered and he provided his wife with an exceedingly high standard of living, including a new car every two years, country club membership, full-

time domestic help, a gardener, expensive vacations, Locust Club, Theatre Guild, sporting events, charge accounts at fashionable stores, furs, jewelry and cash per annum of between $15,000 and $20,000.

At hearing the wife testified as to her needs requiring the net sum to her of $400 per week in addition to defendant's continuing to maintain the home and providing the other fringe benefits enumerated in the foregoing conditions. Such demand by her would not provide her with all of the luxuries provided by defendant during cohabitation.

Defendant now lives in the Cedarbrook Hill Apartments paying $330 per month for his unit; he spends $1,000 per year on his personal clothing. From one of the three insurance agencies in which he has substantial interests he receives $520 per month which he characterizes as "pocket money"; he drives a late model Cadillac titled in the name of another of his agencies which also pays for his gasoline; his corporations pay for his membership and use of his country club and the Locust Club.

Based upon these standards of living, and the needs of the wife in keeping therewith, and taking into account the Federal income tax consequences from her being required to file her own separate tax return commencing with 1972, the order was entered. Following is the financial analysis which led the court to the conclusion that what was ordered was manifestly fair to all concerned.

The order requires Mr. Roisman to pay to or for the benefit of Mrs. Roisman and the children the following:

| Support—$375 per week | $19,500 per year |
| Mortgage payments | 2,022 per year |
| Taxes on homes | 1,513 per year |

| | |
|---|---:|
| Home insurance | 600 per year |
| Automobile insurance | 270 per year |
| Blue Cross and Blue Shield | 380 per year |
| | $24,285 per year |

Mr. Roisman also pays for the support and education of his son, Roger, who is presently a student at Case Western Reserve University. The cost is approximately $4,300 per year.

Mr. Roisman also is required to provide as follows for his son Richard:

| | |
|---|---:|
| Support $50 per week | $ 2,600 per year |
| PNB credit card | 480 per year |
| | $ 3,080 per year |

Thus, Mr. Roisman is required to pay a total of $31,665 per year.

The determination of what, for support purposes, Mr. Roisman's true income totals is somewhat difficult. Two able accountants testified concerning same. For Federal income tax purposes his after-tax income is $36,000 per annum. However, the wife's accountant, from a detailed analysis of his books and records as well as those of his insurance agencies, concluded he has an actual spendable income of $90,000 per annum.

Mr. Roisman is involved in three closely held business corporations. He owns 76 percent of one insurance agency, 98 percent of another agency, and 50 percent of still another agency. His taxable salary from the three corporations amounts to $47,400 per year, but he receives additional compensation and benefits which are paid by the corporations in forms other than salary. These are detailed in the report of Sandra Berger, a C.P.A. employed by counsel for the

wife to audit the books of the three corporations as well as Mr. Roisman's individual records. The accountant's testimony, worksheets and reports were sought to be impeached by the testimony of Mr. Roisman and the accountant for the smallest of his three corporations. A review of the record readily reveals that such efforts of impeachment of Miss Berger were very ineffectual.

It is well settled in Pennsylvania law that the court is not restricted to the husband's stated income for tax purposes. The court will look to all attendant circumstances to determine the true annual income or net dollars available to defendant. This is especially true for closely held corporations. Defendant has had opportunity to control the corporations and to regulate the corporate earnings between salary and other benefits. In Richards v. Richards, 86 Montg. L. R. 294 (1966), this court added benefits received other than salary for the purpose of determining income for support purposes. In Commonwealth ex rel. Arena v. Arena, 205 Pa. Superior Ct. 76 (1965), the court stated that wages paid by close corporations must be scrutinized.

In this case, defendant's income for the purposes herein from the corporations must include more than just wages. These include the payment of dues to two fashionable clubs and the enjoyment of their facilities, use of an expensive automobile and its complete maintenance, including insurance coverage and depreciation, payment of life insurance premiums, accumulation of substantial funds for pension purposes, contributions and reimbursement for travel and entertainment. It is also apparent that much of the earnings of these closely held corporations are "retained," ostensibly for working capital purposes. Miss Berger, convincingly, has satisfied the court that

the amounts of such retention far exceed the needs of the day-to-day business operations. However, the court cannot make a definitive conclusion as to the actual true income of defendant for support purposes. Obviously, it is closer to the $90,000 contended by the wife than the $36,000 contended by the husband.

Nevertheless, for purposes of arriving at a fair and equitable order, the court utilized the mean between these two figures, viz. $63,000. The amount of support for the wife is $19,500 per annum which is well within the one-third limitation. The additional items above enumerated that defendant must expend are not allocable specifically to the wife since they are for the purposes of providing shelter and medical care for his children as well as his wife. Furthermore, the payment of mortgage instalments, real estate taxes and home insurance by defendant inure to his benefit, since the dwelling, in which there is a substantial equity, is owned as tenants by the entireties.

Up to and including the year 1971, the parties filed joint Federal income tax returns. Commencing with 1972, they have elected to file separate returns. That means the wife will be required to report the $19,500 she receives under the order as taxable income to her. Miss Berger testified that the tax consequences thereof to Mrs. Roisman will be the payment of approximately $5,000 in taxes by her, as opposed to a substantial tax saving to Mr. Roisman who will deduct the $19,500 from his taxable income. Thus, the actual net weekly sum Mrs. Roisman receives for her support and maintenance, in effect, is reduced to $275.

Therefore, the order herein puts Mrs. Roisman approximately in the financial condition she enjoyed up to July 1970 by reason of that which Mr. Roisman

had done voluntarily, and about $4,500 per annum more than that of which she has had the benefit since July 1970. On this analysis, the basis or reason for defendant's objection to the order escapes the court.