### George v. George

*S. J. Salazar,* for plaintiff.
*Roger N. Nanovic,* for defendant.

HEIMBACH, P. J., October 30, 1974.—The matter of plaintiff's support complaint came on for hearing June 27, 1974. Following the transcription of the testimony, we delayed adjudication, at the request of the parties, so that we might have the benefit of their respective contentions, and fixed August 13, 1974, to hear argument. Defendant's brief was had prior to that date. The argument date was continued at the instance of plaintiff's counsel. Notwithstanding our several requests, the last being on October 8, 1974, setting October 21, 1974, as the final date for the receipt of plaintiff's brief, we have not received it, nor, for that matter, have we had any acknowledgment to our requests. Since defendant has indicated a willingness to dispose of the matter on briefs, without argument, we now do so.

The parties were married March 23, 1946, and separated by agreement October 4, 1962. Since that time plaintiff has received, without benefit of a court order, various sums of money from defendant for the support of her and their children; presently, she receives $216.60 a month. The children are now emancipated. Plaintiff continues to reside in the jointly owned home, which has a market value, according to plaintiff, of $25,000 to $30,000, and according to defendant, $22,-000 to $24,000. Since separation, defendant has paid all charges for maintenance, utilities and fuel, and has made all mortgage and interest payments.

In deciding this case, the following principles of law, reiterated in *Commonwealth ex rel. Malizia v. Malizia, 229 Pa. Superior Ct. 108, at 111*, are to be followed, viz.:

"The foundation for a support order is a wife's right to such support from her husband as she might reasonably expect from one in his financial situation: Commonwealth ex rel. Herman v. Herman, 95 Pa. Superior Ct. 510 (1928); and, while the court's inquiry is not limited to the husband's actual earnings, it may not set the amount of the award beyond the husband's means, so as to be punitive and confiscatory in nature. Commonwealth ex rel. Lipsky v. Lipsky, 214 Pa. Superior Ct. 215, 251 A. 2d 729 (1969). An order may be entered against a husband only if he has sufficient financial ability to meet it, and such 'sufficient ability' may be determined by all the attendant circumstances, such as earning capacity, the nature and extent of his property and his other financial resources. White v. White, 226 Pa. Superior Ct. 499, 313 A. 2d 776 (1973). . . . 'Earning capacity' is an amount which an individual could realistically earn under the circumstances considering his health, age, mental and physical condition, and training. The lower court has a wide discretion in fixing an amount payable by a husband for his wife's support, and this award must be justified and supported by the evidence. Commonwealth ex rel. Ross v. Ross, 206 Pa. Superior Ct. 429, 213 A. 2d 135 (1965)."

Defendant is a one-third owner of a plumbing and heating business known as GEORGE'S P.& H, INC.

Using his 1973 income as a basis for ascertaining, inter alia, his present monthly earning capacity, the testimony reveals:

|                                                    | Gross      | Net        |
| -------------------------------------------------- | ---------- | ---------- |
| Salary from business                               |            | $   702.95 |
| Director and appraisal fees from First National Bank of Palmerton | $   173.33 |            |
| Dividend from stock held jointly (½)               | 5.44       |            |
| Dividend from stock, less interest paid on stock loan | 45.07   |            |
| Bonus from corporation                             | 1,000.00   |            |
| Total Gross                                        | 1,223.84   |            |
| Less 25%                                           | 305.96     | 917.88     |
| Net monthly income                                 |            | $1,620.83  |

Defendant argues that the bonuses of $12,000 received from the business was a paper transaction solely for permitted tax purposes and should not be included as expendable income, since only $1,000 was retained by him and $11,000 was immediately returned to the corporation by way of an advancement for necessary working capital. The audit report for the fiscal year 1973, prepared by a certified public accountant, shows the total assets of the corporation to be $113,-190.40, with liabilities of $84,258.03 and a stockholder equity of $28,932.37. Included as a liability is advancements made by officers in the amount of $25,000. Additional liabilities are:

| Accounts payable             | $10,019.02 |
| ---------------------------- | ---------- |
| Accrued payroll tax          | 1,719.53   |
| Accrued payroll              | 12,604.78  |
| Pennsylvania sales tax       | 391.83     |
| Accrued interest             | 689.35     |
| Accrued corporate income taxes | 7,333.52 |

Notes payable First
   National Bank of
   Palmerton             26,500.00
      Total Liabilities           $84,258.03

We accept the argument as sound. It is obvious the bonus received by defendant was a paper transaction and its return was a necessity and without which the needs of the corporation could not be met. It is just as apparent that defendant's income from the corporation is generated by a sufficiency of capital to meet such corporate needs. The statement rebuts any suggestion that the bonus was returned to the corporation for the purpose of avoiding its inclusion in defendant's expendable income. We so find and exclude such $11,000 from our consideration in determining defendant's 'earning capacity.' See Commonwealth ex rel. Lipsky v. Lipsky, 214 Pa. Superior Ct. 215; Commonwealth ex rel. Shumelman v. Shumelman, 209 Pa. Superior Ct. 87. Also see Commonwealth ex rel. Gutzeit v. Gutzeit, 200 Pa. Superior Ct. 401.

The testimony is that defendant has no other assets than those described in this opinion.

We, therefore, find that defendant's bonus to the extent of $11,000 should not be included in determining his earning capacity, and we find his real monthly net earning capacity is $900.83.*

Having found defendant's monthly earning capacity is $900.83, the maximum plaintiff may be awarded is one third of such amount, viz., $300: Commonwealth

---

\* Net monthly income before excluding bonus       $1,620.83
      Excluding bonus           Gross—$11,000.00
         On monthly basis     $960.00
         Less 26%             240.00    Net       720.00
         Monthly earning capacity . . . . . . . . . . . . . $   900.83

ex rel. Malizia v. Malizia, supra, citing Commonwealth ex rel. Keeth v. Keeth, 223 Pa. Superior Ct. 96.

Defendant's attorney has advised the court - that defendant does not wish a change in his present arrangements, notwithstanding counsel's advice that in his opinion defendant's contribution exceeds the amount of a court order that would be imposed. We find these contributions on a monthly basis are:

| | |
|---|---|
| Payment on account of support | $216.60 |
| Occupancy of home by plaintiff without charge (½ fair rental value) | 100.00 |
| Total | $316.00 |

In addition defendant pays all of the following home expenses:

| | | |
|---|---|---|
| Taxes | $446.80 | |
| Fuel | 539.28 | |
| Sewer & water | 103.62 | |
| Insurance | 52.00 | |
| Interest on mortgage | 144.00 | $1,285.70 |

The further evidence we would discuss and consider, absent counsel's suggestion, is the present earnings of the plaintiff: Commonwealth ex rel. Lazarou v. Lazarou, 180 Pa. Superior Ct. 342. She receives from such employment approximately $5,000 annually.

Because of our findings that defendant has met all legal responsibilities for the support of plaintiff, and is presently exceeding such responsibilities, we enter the following:

### ORDER

Now, October 30, 1974, we find defendant not guilty of the charge of nonsupport of his wife, Miriam H. George, and dismiss the complaint against him, without prejudice to the right of plaintiff to bring another complaint should the circumstances change.

Costs to be equally divided between the parties.