## Tomko v. Tomko

*Edwin N. Popkin,* for plaintiff.

MOUNTENAY, *J.,* May 1, 1975—This is an action in equity wherein plaintiff, defendant's former wife, is proceeding against defendant's interest in real estate (which had initially been acquired by the parties as tenants by the entireties) for suitable maintenance of herself and their child pursuant to section 2 of the Act of May 23, 1907, P.L. 227, as amended, 48 PS §132.

### FINDINGS OF FACT

1. Plaintiff, Monica B. Tomko, and defendant,

Martin J. Tomko, were married to each other in August of 1957.

2. One child, Martin J. Tomko, Jr., was born of the marriage on February 22, 1962.

3. By deed dated October 15, 1968, and recorded on October 18, 1968, in Deed Book No. 1914, page 1030, Office of the Recorder of Deeds of Bucks County, judicial notice of which is hereby taken, plaintiff and defendant purchased as tenants by the entireties premises known as 611 Arlington Road, Fairless Hills, Bucks County, Pa.

4. From that date and until June of 1969, plaintiff and defendant together with their child lived together in said premises.

5. In June of 1969, defendant removed himself from said premises and willfully, maliciously, and without reasonable cause deserted plaintiff and said child and has not lived with them since. His present whereabouts are unknown.

6. Since June of 1969 and continuing to the present time, defendant has failed to contribute to the support of plaintiff or said child without reasonable cause.

7. After institution of this action by her then counsel, plaintiff became divorced from defendant by decree entered by this court on July 18, 1972, as of no. 825, May term, 1970.

8. Defendant's earning capacity, after withholding, is and has been at the rate of $200. per week. Plaintiff's earning capacity, after withholding, is and has been at the rate of $180. per week.

9. Between June of 1969, when defendant deserted plaintiff and said child, and July 18, 1972, when plaintiff and defendant were divorced, plaintiff supported herself and said child from funds earned and borrowed by her, the reasonable cost of

the support of both plaintiff and the child, exclusive of housing, being $154.29 per week.

10. Since July 18, 1972, the date of the parties' divorce, plaintiff has supported the said child from funds earned and borrowed by her at the average reasonable cost, excluding housing, of $79. per week. Plaintiff will be required to continue supporting the said child from her own funds.

11. From her own funds, plaintiff expended the sum of $1,405. to complete construction of the premises referred in finding no. 3, above, the construction of which was not completed at the time of initial purchase.

12. Since the time of defendant's desertion in June of 1969 to December 31, 1974, in order to prevent mortgage foreclosure of said premises, plaintiff, from her own funds, has paid real estate taxes of $5,591.55; fire insurance of $381.; and mortgage payments of $4,784.74.

13. Proceedings against the said real estate are necessary to provide for the suitable and reasonable maintenance of plaintiff and said child between June of 1969 and July 18, 1972, and for the said child from the latter date to the present and continuing into the future as long as said child is entitled to support. As hereinafter appears, however, the charge against said real estate for past support will entirely consume defendant's interest therein.

14. Plaintiff and defendant paid $22,000. for the said premises at the time of purchase in 1968, and at the present time, the premises has a fair market value of $42,000. As of April 1, 1975, the unpaid mortgage balance owing Home Unity Savings and Loan Association on the said premises is $9,466. Accordingly, the property has a net market value of

$32,534., defendant's one-half interest equalling $16,267.

15. Plaintiff desires to continue living at said premises with the said minor son.

16. If the said premises were sold at the present time to a stranger for the above consideration, the normal cost of sale would be as follows:

| | | |
|---|---|---:|
| a. | Broker's commission at six percent | $2,520.00 |
| b. | Transfer tax | 420.00 |
| c. | Miscellaneous expenses | 15.00 |
| | Total | $2,955.00 |

## DISCUSSION

Plaintiff and defendant, wife and husband, respectively, purchased the Bucks County real estate in question and resided there with their minor son until defendant's desertion of his wife and son in June of 1969. Since that time, defendant has contributed nothing toward the support of plaintiff or their child, plaintiff having been the sole support of herself and the child from the time of the desertion to the present date. On July 18, 1972, the parties were divorced, and plaintiff now brings this action under section 2 of the Act of 1907, supra.

The Act of 1907 authorizes "proceedings . . . against any property . . . of [a] husband necessary for the suitable maintenance of . . . wife or children . . ." in cases where a husband has separated himself from wife or children without reasonable cause, and being of sufficient ability, has neglected to provide suitable maintenance. In such cases, "the court may direct a seizure and sale, or mort-

gage, of sufficient of such estate as will provide the necessary funds for such maintenance. . . ."

Since defendant's whereabouts are unknown, plaintiff was not able to secure personal service upon defendant. Therefore, it was necessary to effect service upon him by publication.[1] Inasmuch as the present proceeding is one in rem, and since the real estate is situated in Bucks County, this method of service is clearly appropriate: Shutt v. Shutt, 59 D. & C. 2d 710, 23 Bucks 175 (1972).

Shutt v. Shutt, supra, presents a situation similar in many respects to the one presented in the instant case. In Shutt, a deserted wife brought an action in equity against her husband asserting a claim for support against entireties realty pursuant to the provisions of section 2 of the Act of 1907. In an opinion written by Satterthwaite, *P. J.*, the court held that the wife was entitled to a lien against her husband's share of the real estate in an amount equal to the past support which her husband should have provided. A trustee was appointed, a private sale was authorized, and the trustee was directed to pay over to the wife, following the sale, one-half of the net proceeds of the sale plus the amount of her claim against her husband's share of the proceeds. The remainder of the husband's share was ordered held by the trustee for future support payments. See also Worthington v. Worthington, 26 Bucks 230 (1974), which is almost identical to Shutt v. Shutt,

---

1. There appears to be some confusion as to whether the Act of April 6, 1859, P.L. 387, 12 PS §§1254, et seq. (to which the Act of 1907, supra, refers with respect to the method of service) has been suspended by the Rules of Civil Procedure. See Pa. R.C.P. 1549(8) and 1550(6). Accordingly, counsel had the foresight to comply with both the Act of 1859 and also with Pa. R.C.P. 1504(b)(3) relating to service in equity actions.

supra, except that in the Worthington case the wife's claim also included a claim for support for a minor child.

The case presently before us involves several circumstances not present in either Shutt or in Worthington. In the first place, the respective plaintiffs in the cited cases had entered default judgments against their respective defendants, while in the instant case, this was not done. We fail to see how this makes any difference. Plaintiff in the instant case at a hearing on the merits clearly established the elements of her cause of action and her right to relief.

The second distinction between the cited cases and the instant case is that in the former, the respective plaintiffs and defendants were still at the time of the litigation married, whereas in the instant case, the wife had secured a divorce from husband-defendant approximately three years after desertion and prior to the institution of this action. Of course, plaintiff is asserting her right to support only from the time of the desertion to the date of the divorce. We are of the opinion that plaintiff's present status as a divorced woman has no effect upon her past claim for support. The relief afforded by the Act of 1907, supra, is retrospective in nature, going back to the date of the desertion: Dixon v. Dixon, 5 D. & C. 2d 634 (1955). Moreover, nothing in the act requires that plaintiff be married to defendant at the time of the institution of the action, nor does the act indicate that any right to support accrued during the marriage is to be canceled by a subsequent divorce. Neither does it make any difference that from the time of the divorce the real estate is held no longer as a tenancy by the entireties but rather as a tenancy in common: Act of

May 10, 1927, P.L. 884, sec. 1, as amended, 68 PS §501; the Act of 1907 authorizes a proceeding against *any* property of a husband. Accordingly, plaintiff's divorce status, we believe, does not defeat her claim for past support nor her right to satisfy that claim out of defendant's interest in the real estate.

We should at this juncture discuss the amount of the claim for support. Plaintiff asserts that the cost of maintaining herself and her son, exclusive of shelter, amounted to $154.25 weekly on an average over the period June, 1969 to July 18, 1972, the date of divorce. She further asserts that following the divorce, it cost on the average of $79. weekly, exclusive of shelter, for the support of her son. In addition, she claims reimbursement for a total of $6,080.65, representing one-half of the funds which she advanced by way of mortgage installments, insurance premiums, improvement costs and taxes which she paid in preservation of the property in question. Rather than to hold that plaintiff is entitled to reimbursement of these items as a separate claim under the Act of 1907,[2] we shall simply regard these payments as additional expenses incurred in maintaining herself and her son. These payments were necessary to provide shelter for plaintiff and her son, and while they may seem excessive, we must bear in mind that defendant joined with plaintiff in the purchase of the property, and from this it is apparent that defendant felt that this property provided a suitable home for the family. Therefore, it would ill become him to argue that the living expenses incurred by reason of attempting to maintain the family home are excessive or

2. See Dixon v. Dixon, supra, at page 638.

unreasonable. Again, these expenses will not be treated as a separate item of claim but merely as additional living expenses.[3]

Of course, we recognize that plaintiff's earning capacity of $180. per week must be taken into consideration and also that under present law plaintiff has an equal obligation with defendant to support the child: Travitzky v. Travitzky, 230 Pa. Superior Ct. 435 (1974). Moreover, as a general rule, the courts are loathe to enter an order for the support of a wife plus child or children which exceeds 50 percent of the husband's income. Commonwealth ex rel. Lipsky v. Lipsky, 214 Pa. Superior Ct. 215 (1959); Commonwealth ex rel. Shumelman v. Shumelman, 209 Pa. Superior Ct. 87 (1966); Commonwealth ex rel. Ross v. Ross, 206 Pa. Superior Ct. 429 (1965).

Taking all of these matters into consideration, we believe that a reasonable amount for the support of the wife and child from the date of the separation (June of 1969) to the date of divorce (July 18, 1972) would be $80. per week and that a reasonable amount of support for the child after the date of the divorce would be $50. per week.

As will be seen, the total amount of the wife's claim, based upon these figures, will come to $19,360., which exceeds the appraised value of defendant's interest in the property.[4] This, then, leads us to the third distinction between the instant case

---

3. *Ibid.*

4. The value of defendant's interest in the property was arrived at simply by deducting from the fair market value, the balance of the outstanding mortgage. The remainder was then divided by two. In other words, defendant was not penalized by having the value of his interest discounted as an "undivided interest" in real estate.

on the one hand and Shutt and Worthington, both supra, on the other. In Shutt and Worthington, the past support had not exceeded the value of the husband's interest, and, accordingly, the properties were ordered sold, and so much of the husband's share of the proceeds as was due the wife for back support was payable to her directly, while the balance of the husband's share was ordered held by a trustee to be paid out from time to time as future support obligations accrued. In the instant case, there would be no remaining balance; plaintiff's claim will completely wipe out defendant's interest.

Since plaintiff is desirous of continuing to live in the property, we believe that the proper solution would be to appoint a trustee, directing him to convey to plaintiff all of defendant's right, title and interest in and to the property in full satisfaction of plaintiff's claim. This, while not specifically requested in the prayer for relief of plaintiff's complaint, is, nevertheless, what plaintiff actually desires. Moreover, to compel a sale either public or private would entail additional costs which would further deplete the fund available for support. Accordingly, we shall authorize the trustee to convey directly to plaintiff in satisfaction of her claim.

## CONCLUSIONS OF LAW

1. Defendant's interest in the real estate described in finding of fact no. 3, supra, has a value of $16,267.

2. Plaintiff has a valid claim for support against defendant's said interest in real estate in the total sum of $19,360. computed as follows:

a. Support for plaintiff and minor child from June, 1969 to July 18, 1972, 162 weeks at $80. per week, totaling $12,960.

b.  Support for minor child from July 18, 1972 to January 3, 1975 (the date of hearing), 128 weeks at $50. per week, totaling $6,400.

3.  A trustee should be appointed to convey all of defendant's right, title and interest in and to said real estate unto plaintiff, in full satisfaction of her claim.

## DECREE NISI

And now, May 1, 1975, Paul R. Beckert, Jr., Esquire, is appointed trustee for defendant and is directed to convey unto plaintiff all of defendant's right, title and interest in and to the real estate hereinbefore described in full satisfaction of plaintiff's claim of $19,360. as aforesaid.

This decree shall be entered as a decree nisi and shall be entered by the prothonotary on praecipe as a final decree of the court unless exceptions be filed within 20 days, as provided in Pa. R.C.P. 1519.