## Commonwealth ex rel. Zander v. Zander

*Ronald E. Robinson*, for complainant.
*Gerald M. Hershenson*, for defendant.

MOUNTENAY, *J.*, May 24, 1977—Complainant in an action for support has appealed our order

awarding the sum of $44 weekly for the support of three children, aged fifteen, nine and one years, respectively. The evidence, as we interpret it, revealed that defendant had once been employed as a heavy equipment operator by a construction company controlled by members of complainant's family. In that capacity, defendant was earning approximately $15,000 per year—he grossed $15,399 in 1975. Complainant, however, whether justifiably or unjustifiably, secured the termination of defendant's employment, and, accordingly, in 1976, defendant earned only $3,296.52. Being unable to secure steady reemployment in the construction field (defendant suggested that perhaps he had been blackballed), he found employment in a grocery store, which employment produces net earnings of $103 to $105 weekly. Complainant is not presently employed, and due to the age of at least two of the children, she would not be in a position to accept outside employment without at the same time incurring expenses for child care services.

The parties had previously owned their residence as tenants by the entireties, which residence was valued at $54,000. Pursuant to a property settlement agreement, complainant acquired defendant's interest in the house (subject to a mortgage balance of between $6,000 and $7,000, the entire obligation of which complainant assumed) by the payment to defendant of $15,000 in cash.[1] As of the time of the support hearing, this cash payment was being held in escrow pending the entry of a final decree in divorce.

---

1. The source of this $15,000 was an advance on complainant's inheritance. (N.T. 3)

We believe that complainant's principal contention on appeal will be that the lower court failed to take into sufficient account the $15,000 asset thus acquired by defendant. Indeed, complainant's counsel in cross-examining defendant suggested that complainant's demand of $150 per week could well be met if, over a period of three years, defendant devoted the entire $15,000 fund plus a portion of his earnings to the support of the children.

Complainant asserts that it costs $215 per week to support the children, and she further asserts that defendant should pay $150 of this amount. In making the award in this case, we disagreed with both of these assertions. We believe that the figure is inflated and further that the formula used by complainant does not properly allocate the burden.[2] Moreover, we are satisfied that defendant's earnings fairly represent his present earning capacity. Given this fact, and the fact that complainant has virtually no income, the principal issue, as already stated, becomes whether and to what extent defendant's $15,000 "nest egg" should be considered in determining the amount of the order; and, conversely, whether and to what extent complainant's $54,000 house (subject to a $6,000 or $7,000 mortgage) should be considered.

Prior to the enactment of the Equal Rights

---

2. For example, complainant and her children reside in the former entireties real estate. Complainant allocates three-quarters of the cost of shelter to the children and one-quarter to herself. Included in the cost of shelter is a $134.83 monthly mortgage payment which includes not only real estate taxes but principal and interest as well. The payment of the principal and interest will, of course, increase complainant's equity in the property as time goes by.

Amendment to the Pennsylvania Constitution,[3] the principal obligation for support rested on the father: Hecht v. Hecht, 189 Pa. Superior Ct. 276, 150 A. 2d 139 (1959); Com. ex rel. Kreiner v. Scheidt, 183 Pa. Superior Ct. 277, 131 A. 2d 147 (1957); Com. ex rel. Silverman v. Silverman, 180 Pa. Superior Ct. 94, 117 A. 2d 801 (1955). However, in Conway v. Dana, 456 Pa. 536, 318 A. 2d 324 (1974), the Supreme Court of this Commonwealth held that insofar as these decisions suggest a presumption that the father, solely because of his sex and without regard to the actual circumstances of the parties, must accept the principal burden of financial support of minor children, they may no longer be followed. Such a presumption was considered to be a vestige of the past and incompatible with the present recognition of the equality of the sexes.

We are well aware of the line of cases which holds that the father must make personal sacrifices to furnish the children with basic needs: Com. ex rel. Shumelman v. Shumelman, 209 Pa. Superior Ct. 87, 223 A. 2d 897 (1966); see also Com. ex rel. Arena v. Arena, 205 Pa. Superior Ct. 76, 207 A. 2d 925 (1965); Com. v. Camp, 201 Pa. Superior Ct. 484, 193 A. 2d 685 (1963). But in the light of the decision in Conway, supra, we believe that this obligation must now be borne equally by both the mother and father. The father should no longer be the only parent required to sacrifice for the support of his children in light of the Equal Rights Amendment.

3. Pa. Constitution, Art. I, §27, provides that equality of rights under the law shall not be denied or abridged in the Commonwealth of Pennsylvania because of the sex of the individual.

We believe that the case before us is one in which both the parents must sacrifice if the children are to be properly supported. The pool from which these basic necessities must be obtained consists of the respective resources of the parties. As between these parties, complainant has substantially greater assets while defendant only has income. Had the respective assets of the parties been the persuasive factor in our computation, it is obvious that complainant's assets would have far outweighed those of defendant, and a smaller order would have been appropriate. However, we recognize that the complainant's principal asset is devoted in part to providing shelter for the children. This, too, we took into consideration.

In light of all these circumstances, we believe that our award of $44 per week was entirely fair and appropriate. Defendant in this case is left with income of $60 per week. We believe that this will require him to sacrifice by dipping substantially into his $15,000 cash asset in order to support himself. On the other hand, complainant will be required to sacrifice from her assets in some way or another to support herself and to contribute to the support of the minor children involved. Even given the present order, we suspect that by the time the children become self-supporting the imposition of the order will have more nearly depleted defendant's assets than it will have depleted those of complainant.