J-S66004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEATLH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAMEON BROME | |
| Appellant | No. 21 EDA 2019 |

Appeal from the PCRA Order Entered December 20, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: 1102962-1987

BEFORE:  STABILE, NICHOLS, JJ., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:                **FILED FEBRUARY 28, 2020**

Appellant, Dameon Brome, appeals from the December 20, 2018 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

The PCRA court's opinion recites the relevant procedural history:

> On September 29, 1987, then-juvenile petitioner Dameon Brome was arrested and charged with murder and related offenses.  On December 13, 1988, after a jury convicted the petitioner of first-degree murder, conspiracy to commit murder, and possession of an instrument of crime ("PIC"), the Honorable George J. Ivins imposed the then-mandatory sentence of life imprisonment without parole for first-degree murder, and concurrent sentences [of] two to four years of imprisonment for conspiracy and one to two years of imprisonment for PIC, for a total sentence of life imprisonment without parole.
>
> On June 30, 2010, the petitioner filed a [PCRA] petition.  On June 25, 2012, the Supreme Court of the United States issued its holding in ***Miller v. Alabama***, 567 U.S. 460 (2012), which rendered all mandatory life imprisonment without parole sentences for juveniles unconstitutional.  On July 24, 2012, the

petitioner filed an amended petition alleging that his life imprisonment sentences [was] illegal under **Miller**. On January 27, 2016, the Supreme Court of the United States issued its holding in **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), which held that the **Miller** decision applies retroactively.

On August 29, 2017, this Court granted PCRA relief and vacated the petitioner's life imprisonment without parole sentence. On that same date, this court imposed a negotiated resentence of thirty years to life imprisonment for first-degree murder, and no further penalty on the remaining charges. On August 30, 2017, the petitioner filed a post-sentence motion for modification of sentence, which [the] court denied on August 31, 2017. The petitioner did not file a notice of appeal.

On June 29, 2018, the petitioner filed a *pro se* PCRA petition, his first since resentencing. On October 17, 2018, appointed PCRA counsel filed an amended petition. On November 8, 2018, after a **Grazier**[1] hearing, this court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. The petitioner did not respond to this court's 907 notice.

PCRA Court Opinion, 12/20/18, at 1-2 (some capitalization omitted).

Appellant's October 17, 2018 petition challenged only the constitutionality of the mandatory maximum term under 18 Pa.C.S.A. § 1102.1.[2] Amended PCRA Petition, 10/17/18, at ¶ 10. Appellant wished to

---

[1] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1988).

[2] Section 1102.1 reads in relevant part as follows:

**(a) First degree murder.--**A person who has been convicted after June 24, 2012, of a murder of the first degree, first degree murder of an unborn child or murder of a law enforcement officer of the first degree and who was under the age of 18 at the time of the commission of the offense shall be sentenced as follows:

raise additional issues his appointed counsel believed to be without merit. N.T. *Grazier* Hearing, 11/8/18, at 7-8. Thus, Appellant chose to waive his statutory right to counsel and proceed *pro se.* The PCRA court notified Appellant that he needed to raise his additional issues before the PCRA court, but Appellant never did so. Nonetheless, he purports to raise fifteen assertions of error in this timely appeal. The only issue he preserved before the PCRA court is the constitutionality of § 1102.1, as he cannot raise the other issues for the first time on appeal. Pa.R.A.P. 302(a).

As to his sole preserved issue,[3] the Commonwealth notes its agreement. That is, the Commonwealth believes the mandatory maximum term in § 1102.1 is unconstitutional. The Commonwealth also acknowledges that several binding opinions from this Court have already rejected that argument. *Commonwealth v. Blount*, 207 A.2d 925, 938 (Pa. Super. 2019) ("As for Appellant's claim a mandatory maximum term of life imprisonment is

---

(1) A person who at the time of the commission of the offense was 15 years of age or older shall be sentenced to a term of life imprisonment without parole, or a term of imprisonment, the minimum of which shall be at least 35 years to life.

(2) A person who at the time of the commission of the offense was under 15 years of age shall be sentenced to a term of life imprisonment without parole, or a term of imprisonment, the minimum of which shall be at least 25 years to life.

18 Pa.C.S.A. § 1102.1(a).

[3] We review the PCRA court's order for error of law and record support for its findings of fact. *Commonwealth v. Williams*, 828 A.2d 981, 987 (Pa. 2003).

unconstitutional as applied to juvenile offenders convicted of murder prior to *Miller* and violates the mandated of individualized sentencing, this Court has repeatedly rejected these claims.") (*appeal denied*, 218 A.3d 1198 (Pa. 2019)). Because binding precedent dictates that Appellant's only preserved issue does not merit relief, we discern no error in the PCRA court's order. We are bound to follow *Blount* and other similar decisions unless and until a higher court decides otherwise.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/20